**In the Matter of O.C.**

**No. 04–95–00803–CV.**

Court of Appeals of Texas,
San Antonio.

April 16, 1997.

Michael Wayne Jackson, Law Offices of Michael Wayne Jackson, H. Anthony Hervol, Hervol & Hinders, P.C., San Antonio, for appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

GREEN, Justice.

O.C., a juvenile, appeals from a jury finding of delinquent conduct based upon his commission of aggravated assault. O.C.'s first point of error alleges error in the trial court's permitting the State to discuss the law of parties during voir dire and in including the law of parties in the jury charge when the State had not pled the law of parties in its petition. In his second point of error, O.C. contends that the trial court erred in denying his motion for a directed verdict since there was no evidence to support the jury's finding of delinquent conduct. We overrule the points of error and affirm the judgment.

### Facts

On March 21, 1995 some time after 11 o'clock at night, Adam Johnson, Marshall Gause, and another friend were playing basketball at a local community center when a group of other boys, including O.C., walked by the basketball court. O.C. hollered out to Johnson, asked if he was staring at his friend, and called him a "bitch." Johnson responded that he was not looking at them. O.C. and his friends left the center but later returned with two adults and other juveniles. One of the adults, in the presence of Johnson, asked O.C. who called him a "nigger." [1] Someone pointed to Johnson.

The testimony conflicts as to whether O.C. left after Johnson was singled out or whether he joined the rest of the group in surrounding Johnson; however, the testimony at the trial did indicate that one of the adults hit Johnson with a sawed-off shotgun. Gause, after seeing Johnson being attacked, tried to cover and protect Johnson's head. The adult with the firearm continued attacking, hitting Gause in the back of the head. When the police were spotted, the attackers ran away. Johnson received a broken jaw, and Gause suffered from an open head wound and a concussion. Johnson and his friends later identified Devlin Jefferson as the adult who wielded the shotgun.

---

1. Johnson and his friends were Caucasian, and O.C. and his friends were African–American with the exception of one being Mexican–American.

In its original petition, the State charged O.C. with delinquent conduct; specifically, in count one, paragraph A the State alleged that:

O.C .... did then and there knowingly and intentionally use a deadly weapon, NAMELY: A FIREARM, and did then and there knowingly and intentionally CAUSE BODILY INJURY to ADAM JOHNSON, hereinafter called complainant, by STRIKING SAID COMPLAINANT WITH SAID DEADLY WEAPON; that said act on the part of said child is an offense against the State of Texas of the Grade of Felony, set out and defined as such in Section 22.02 of the Texas Penal Code.

Count one, paragraph B alleged that O.C. "knowingly and intentionally cause[d] serious bodily injury to ... ADAM JOHNSON" by kicking Johnson and striking him with the firearm. Count two of the petition contended that:

O.C .... did then and there knowingly and intentionally use a deadly weapon, NAMELY: A FIREARM, and did and there knowingly and intentionally CAUSE BODILY INJURY to MARSHALL GAUSE, hereinafter called complainant, by STRIKING SAID COMPLAINANT WITH SAID DEADLY WEAPON....

At voir dire, the State discussed the law of parties with the jury, telling them that the State could prove the elements of the alleged offense by the law of parties. O.C. objected to any discussion on this subject since it was not affirmatively pled. The judge overruled his objection. After the State rested, O.C. moved for a directed verdict, which was denied. In the jury charge, the court instructed the jurors on the law of parties to which O.C. again timely objected. After each side made closing arguments, the jury found that O.C. engaged in delinquent conduct by committing aggravated assault with a deadly weapon against Johnson, but it also found that O.C. did not engage in delinquent conduct against Gause under count two. The court ordered O.C. committed to the Texas Youth Commission.

O.C. timely filed a motion for new trial and then filed his notice of appeal.

### Discussion

#### Law of Parties

■ In his first point of error, O.C. argues that the trial court erred by permitting the State to discuss the law of parties at voir dire and by submitting a charge in which the court instructed the jury on the law of parties. O.C. claims that for the State to prove that O.C. was guilty based on the law of parties, the State first must affirmatively plead the law of parties in its petition.

Although juvenile adjudication proceedings appear to be criminal in nature, they have been treated as civil. *See Vasquez v. State,* 739 S.W.2d 37, 42 (Tex.Crim.App.1987); *In re J.R.R.,* 696 S.W.2d 382, 383 (Tex.1985). Juvenile proceedings are governed by the Rules of Civil Procedure, unless they conflict with the applicable provisions of the Family Code. Act of June 16, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1469 (current version at TEX. FAM.CODE ANN. § 51.17 (Vernon 1996)).[2]

Section 53.04 of the Texas Family Code sets forth the requirements for the State's petition in a juvenile proceeding. Section 53.04 provides that "[t]he petition must state: (1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts...." TEX. FAM.CODE ANN. § 53.04(d)(1). Courts have differed on the effect of a variance between the State's petition and the proof adduced at trial; civil law, in general, does not require reversal unless the variance is substantial, is misleading, constitutes surprise, and is a prejudicial departure from the pleadings. *See Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). In juvenile cases, at least two appellate courts have held that the failure of the State to plead the law of parties is not fatal. *See In re A.B.,* 868 S.W.2d 938, 941 (Tex.App.—

---

**2.** Because the 1995 amendments to the Family Code were not in effect at the time of the underlying proceeding, we will refer to the version of the Code in effect prior to the amendments.

Fort Worth 1994, no writ); *In re S.D.W.*, 811 S.W.2d 739, 748–49 (Tex.App.—Houston [1st Dist.] 1991, no writ). However, in *L.G.R. v. State,* the Texas Supreme Court found that a juvenile is denied due process when a variance exists between the jury charge and the State's petition. *L.G.R. v. State,* 724 S.W.2d 775, 776 (Tex.1987).

In *L.G.R.,* Justice Gonzalez, speaking for the majority, framed the issue in the case as "the effect of a variance between the State's petition and the court's charge in a juvenile adjudication hearing." *Id.* at 775. According to the facts of *L.G.R.,* the State charged L.G.R. with delinquent conduct based upon allegations that L.G.R. had set fire to a building. *Id.* At trial, the court allowed the State to submit a jury charge incorporating transferred intent; the State alleged that L.G.R. had set fire to a vehicle which in turn caused the building to catch on fire. *Id.* at 775–76. The supreme court held that the trial court committed reversible error by permitting the State to submit this charge. *Id.* at 776. The court reasoned that a juvenile is entitled to due process and that the child must know of the specific issues he is to meet. *Id.* In interpreting section 53.04(d)(1)'s pleading requirements, the court found that the State's failure to meet the "reasonable particularity" pleading requirement could not be cured by incorporating transferred intent into the jury charge. *Id.* By not pleading transferred intent, the State failed to notify the juvenile of the place and manner of the acts charged. *Id.* "The variance between the State's petition and the court's *charge* denied L.G.R. a fair trial." *Id.*

Two juvenile cases subsequent to *L.G.R.* held that the State could prove that the juvenile committed the charged acts through the law of parties even if the State had not pled the law of parties in its petition. *See In re A.B.,* 868 S.W.2d at 941; *In re S.D.W.,* 811 S.W.2d at 748–49. In *In re S.D.W.,* the court specifically cited to indictment law and noted that "[a]n indictment need not plead evidence relied on by the State, i.e. that the defendant is a party." *In re S.D.W.,* 811 S.W.2d at 748 (citing *Swope v. State,* 805 S.W.2d 442 (Tex. Crim.App.1991)). Neither of these cases attempted to distinguish *L.G.R.*

At first blush, it appears that *L.G.R.* should apply since the supreme court held that a variance between the State's petition and the jury charge violates a juvenile's due process rights. However, *L.G.R.* is clearly distinguishable from the present set of facts. In *L.G.R.,* transferred intent was at issue. Here, we are concerned with the law of parties, which is covered by section 7.01(c) of the Texas Penal Code. Section 7.01(c) abolishes the distinctions between a party to an offense and the principal actor and states that the law of parties need not be alleged. Specifically, the Code provides:

> All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

TEX. PENAL CODE ANN. 7.01(c) (Vernon 1994). On the other hand, the Penal Code section on transferred intent, section 6.04(b), does not contain a provision permitting the State to omit allegations concerning transferred intent; only criminal case law has determined that the State does not have to plead transferred intent in the indictment. *See Dowden v. State,* 758 S.W.2d 264, 274 (Tex.Crim.App. 1988) (noting that transferred intent need not be set out in indictment in order to have later application in case).

Since the Penal Code specifically states that the State is not required to allege that the defendant is guilty as a party to charge or convict the defendant, *see* TEX. PENAL CODE ANN. § 7.01(c), and since juvenile proceedings are generally premised upon violations of the Penal Code, *see* TEX. FAM.CODE ANN. § 51.03(a)(1), the State in a juvenile case is not required to plead the law of parties in its petition. Unlike transferred intent, the Penal Code clearly addresses the pleading of the law of parties; consequently, *L.G.R.* is distinguishable. In the case at bar, the court did not err in permitting the State to discuss the law of parties or in submitting the law of parties in the jury charge.

We overrule O.C.'s first point of error.

*Legal Sufficiency*

In his second point of error, O.C. contends that the trial court erred in denying his

motion for directed verdict since there was no evidence to support the jury's finding of delinquency. Specifically, O.C. claims that there was no evidence that O.C. "had knowledge of or was otherwise aware that the shotgun used by another ... was in that person's possession." This Court will review the evidence in the light most favorable to the verdict and will determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *In re P.L.W. v. State*, 851 S.W.2d 383, 387 (Tex.App.—San Antonio 1993, no writ) (applying *Jackson v. Virginia* standard in juvenile cases since section 54.03(f) of the Family Code imposes "beyond a reasonable doubt" burden of proof upon the State).

From the charge of the court, the jury could have found that O.C. committed the offense by either acting alone or acting as a party. The court instructed the jury that O.C. could be found criminally responsible as a party for the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicited, encouraged, directed, aided or attempted to aid the other person in committing the offense.

■ Under the law of parties, evidence is sufficient to convict if the defendant was physically present at the commission of the offense and the defendant encouraged the commission of the offense by words or other agreement. *Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Miranda v. State*, 813 S.W.2d 724, 732 (Tex.App.—San Antonio 1991, pet ref'd). In evaluating whether a defendant is a party to an offense, the court may examine the events occurring before, during, or after the offense is committed and may rely on the defendant's actions showing an understanding and common design to commit the offense. *Burdine*, 719 S.W.2d at 315; *Miranda*, 813 S.W.2d at 732.

■ While an agreement of the parties to act together in common design seldom can be proved by direct evidence, reliance can be had on the actions of the parties that show either directly or circumstantially an understanding and common design to do a certain act. *Miranda*, 813 S.W.2d at 732. Participation in a criminal offense may be inferred from the circumstances. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App.1987); *Miranda*, 813 S.W.2d at 732. Circumstantial evidence alone can be sufficient to show that one is a party to the offense. *Miranda*, 813 S.W.2d at 732; *see Wygal v. State*, 555 S.W.2d 465, 469 (Tex.Crim.App.1977). Every circumstantial case must be evaluated on its own facts, and the case will stand or fall on the cumulative effect of the evidence produced at trial. *Miranda*, 813 S.W.2d at 732.

■ In the case at bar, Adam Johnson testified that, on the night of the assault, O.C. appeared cocky and ready to fight; he also swore that O.C. participated with the others in his group by kicking and hitting Johnson. Marshall Gause testified that O.C. led his group of friends to the area where Johnson was standing and pointed to Johnson, claiming Johnson was the one who called him names. Gause opined that O.C. was the instigator of the attack; he also stated that the gun used in the attack was in plain view when an adult, later identified as Devlin Jefferson, brandished it and showed it off. Aaron Fourland, a friend of Johnson's and Gause's who was at the basketball court on the night of the incident, swore O.C. did not run away once the fight ensued but instead participated in the kicking and hitting of both Johnson and Gause. O.C., Fourland attested, told Jefferson, the adult with the gun, whom to attack by proclaiming that Johnson was the person who had been calling him names.

From this testimony, the jury could have inferred O.C. instigated the attack, he knew that a member of his group had a gun since the gun was in plain view at one point, and O.C. participated in the assault by kicking and hitting Johnson and Gause. However, regardless of whether O.C. had actual knowledge of the shotgun, the jury could have found O.C. was a party to the offense by believing O.C. directed or encouraged the assault by his statements singling Johnson out as the person who allegedly called him

names or O.C. encouraged the assault by assisting and participating in the attack. Considering the evidence in a light most favorable to the jury's verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that O.C. committed aggravated assault as a party. O.C.'s second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.