Eddie Galvan v. State

















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-277-CR

     EDDIE GALVAN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 24,066-85 
                                                                                                                
 
O P I N I O N
                                                                                                                

      Eddie Galvan appeals his conviction for burglary of a habitation. See Tex. Pen. Code Ann.
§ 30.02 (Vernon 1994 & Supp. 1998). Following a jury trial, Galvan was sentenced by the trial
judge to ten years’ confinement in the Institutional Division of the Texas Department of Criminal
Justice. See Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (Supp. 1998). Galvan brings three
points of error claiming: (1 & 2) the evidence demonstrating that Galvan was a party to the
offense is not legally or factually sufficient to support his conviction and (3) there is not legally
sufficient evidence showing the amount of pecuniary loss to the victim was over $1,500.
I. Factual Background
      About 2:30 a.m. on October 8, 1995, John Wiley could not sleep because loud music was
being played at a party in the home across the street from his house. Wiley told Riley Rector, a
young man who was living in his house, to go over to the party and ask that the music be turned
down. When Rector did not return, Wiley decided to go across the street himself to ask that the
music’s volume be turned down. As Wiley was going over to the party, he was stopped in the
middle of the street by Randall Espinoza whom Wiley asked to turn the music down. This request
was refused because Espinoza claimed it was a “Latin King” neighborhood and he did not have
to turn the music down. Espinoza then pushed Wiley and another man hit Wiley in the back of
the head. As Wiley began to return home after repeating his demand that the music be turned
down, Wiley testified that ten or twelve other young men appeared. The men, including the
appellant, Eddie Galvan, then began fighting with Wiley as he retreated into his home and locked
the front door. 
      After Wiley went inside his home, the group did not leave but started beating on the door with
their fists, a knife, and then with a landscaping timber. As the front door came off its hinges and
the young men entered the house, Wiley refused to leave his home. Wiley testified that Eddie
Galvan was one of the first people who came through the door and began to fight with him inside
his home. After the group entered, some of the men began destroying numerous furnishings in
the home as well as continuing to fight with Wiley. Additionally, Riley Rector testified that he
tried to call 911 after the group broke into the house, but Galvan threatened to shoot him and the
other occupants of the home if Rector continued his telephone call. Therefore, instead of speaking
to the 911 operator, Rector threw down the phone and ran out of the home. After the police
arrived Wiley identified Galvan as a member of the group who had broken into his house and
destroyed his property. 
II. Points of Error
      In his first and second points of error, Galvan contends that there is legally and factually-insufficient evidence demonstrating that he was a party to the offense. Section 7.01(a) of the Penal
Code states that a person may be charged as a party to an offense if the offense is committed by
his own conduct or if he is criminally responsible for the conduct of another person. See Tex.
Pen. Code Ann. § 7.01(a) (Vernon 1994). Criminal responsibility for the conduct of another
occurs if an individual “acting with intent to promote or assist the commission of the offense . .
. solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.” 
Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). The Court of Criminal Appeals has often held
that there is sufficient evidence for the jury to convict a defendant based on the “law of parties”
if the defendant is present during the commission of the offense and “encourages its commission
by words or other agreement.” Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996)
(on rehearing), cert. denied, — U.S. —, 117 S.Ct. 587 (1996); see Mayfield v. State, 716 S.W.2d
509, 514 (Tex. Crim. App. 1986); Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App.
1985); Beier v. State, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985); see also Green v. State, 839
S.W.2d 935, 943 (Tex. App.—Waco 1992, pet. ref’d). Courts may consider evidence showing
what occurred before and after the commission of the offense to determine if there is sufficient
evidence that a defendant was a party to the offense. Ransom, 920 S.W.2d at 302 (quoting
Cordova, 698 S.W.2d at 111 (Tex. Crim. App. 1985)).
      In the instant case, Galvan argues that he could not be guilty of burglary using the law of
parties because there is insufficient evidence he encouraged the commission of the felony offense
of criminal mischief. The State charged Galvan with burglary under Section 30.02(a)(3) of the
Penal Code which states that the offense of burglary is committed if a defendant enters a habitation
and commits a felony. See Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 1994). The State alleged
at trial that the felony offense of criminal mischief was committed by Galvan and the other men
in Wiley’s home because the amount of pecuniary loss caused by their destruction of property
exceeded $1,500. See Tex. Pen. Code Ann. § 28.03(b)(4)(A) (Vernon Supp. 1998).
      A challenge to the legal sufficiency of the evidence is decided by the appellate court looking
at the evidence in the light most favorable to the verdict to determine if a rational trier of fact
could have found the elements of the offense beyond a reasonable doubt. Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996); Moore v. State, 935 S.W.2d 124, 126 (Tex. Crim.
App. 1996), cert. denied, — U.S. —, 117 S.Ct. 1711 (1997); Williams v. State, 946 S.W.2d 886,
894 (Tex. App.—Waco 1997, no pet. h.). At trial jurors resolve the conflicts in the evidence, and
thus, on appeal all “inconsistencies in the evidence [are resolved] in favor of the verdict.” 
Williams, 946 S.W.2d at 894-95; see Moore, 935 S.W.2d at 126. 
      After viewing the evidence in the light most favorable to the verdict, we believe legally
sufficient evidence supports the jury’s conclusion that Galvan acted with the intent to promote or
assist the commission of the criminal mischief, and consequently, he was a party to both the
burglary and the underlying felony of criminal mischief. First, the jurors could have concluded
from the evidence that Galvan participated in breaking down Wiley’s door because at trial Wiley
testified that Galvan was one of the first men through the door leading the group into Wiley’s
home. Second, Wiley testified that once inside the home Galvan and other individuals fought
with him. The jury could have believed that, although Galvan was fighting with Wiley and not
destroying the household furnishings, his actions were intended to assist the other men in
committing the criminal mischief by preventing Wiley from protecting his property. Third, Riley
Rector’s testimony that Galvan stopped him from reporting the break-in to the police, by
threatening to shoot everyone in the home if Rector told the 911 operator what was occurring at
Wiley’s house, supports the jury’s finding that Galvan was acting to promote the offense because
he prevented the police from coming to stop the criminal mischief. Fourth, Wiley testified that 
upon entering the home Galvan and others threw full cans of beer which created holes in the walls
of the home.


 During the trial, the State’s expert testified that repairing the damage to the
sheetrock would cost about $400. Galvan’s first point is overruled as the evidence is legally
sufficient to support the jury’s verdict that Galvan acted with the intent to promote or assist the
commission of the offense of criminal mischief.
      Factual sufficiency points are reviewed by considering all the evidence in the record to decide
if the verdict is “so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.” Jones, 944 S.W.2d at 647 (quoting Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)). On appeal, we do not substitute our judgment for that of the factfinder but
give due deference to the jury’s findings. Id. at 648; Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997); Mata v. State, 939 S.W.2d 719, 725 (Tex. App.—Waco 1997, no pet.).
      Galvan argues that the State’s evidence does not show any agreement between Galvan and the
other men to commit the criminal mischief, but rather shows that Galvan was angry with Wiley
and went into the house simply to fight with him. Galvan is correct that there is no direct evidence
in the record showing any agreement between the parties for Galvan to assist the commission of
the criminal mischief, but as the San Antonio Court of Appeals recently observed:
While an agreement of the parties to act together in common design seldom can be
proved by direct evidence, reliance can be had on the actions of the parties that show
either directly or circumstantially an understanding and common design to do a certain
act.

Matter of O.C., 945 S.W.2d 241, 245 (Tex. App.—San Antonio 1997, no pet.). Based on the
actions of Galvan in breaking down Wiley’s door, fighting with Wiley, and stopping Rector from
calling the police, we believe the jury’s conclusion that Galvan was acting with the intent to
promote or assist the commission of the criminal mischief was not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis, 922 S.W.2d
at 129. The actions of Galvan in conjunction with those of the other men in Wiley’s home suggest
that the parties were acting with a common design to commit the offense, and this circumstantial
evidence is sufficient to support the jury verdict. See Cordova, 698 S.W.2d at 111. Galvan’s
second point is overruled. Factually sufficient evidence supports the jury verdict.
      In his third point of error, Galvan argues that there is insufficient evidence that the amount
of pecuniary damage caused by the criminal mischief was $1,500 or more but less than $20,000
as required by Section 28.03(b)(4)(A) of the Penal Code to make this offense a state jail felony.


 
See Tex. Pen. Code Ann. § 28.03(b)(4)(A). The amount of pecuniary loss caused by an act of
criminal mischief is determined by using the standards listed in Section 28.06 of the Penal Code. 
See Tex. Pen. Code Ann. § 28.06 (Vernon 1994). When property has been damaged the amount
of pecuniary loss is measured by the “cost of repairing or restoring the damaged property within
a reasonable time after the damage occurred.” Tex. Pen. Code Ann. § 28.06(b) (Vernon 1994). 
Under Section 28.06 repairs to the damaged property need not actually occur so long as there is
testimony demonstrating the cost of repairs if they were made. Elomary v. State, 796 S.W.2d
191, 193 (Tex. Crim. App. 1990).
      Galvan contends that the State’s evidence showing the amount of pecuniary loss is insufficient
to support his conviction because the State’s expert, who testified regarding the cost to repair the
damage to Wiley’s home, failed to inspect the home within a reasonable time after the commission
of the offense. See Tex. Pen. Code Ann. § 28.06(b). Specifically, Galvan asserts that the
inspection did not occur until nine months after the home was damaged, and this lapse of time
renders the expert’s testimony unreliable because this inspection was not within a reasonable time-period following the incident. We are unable to conclude that a reasonable jury could not have
found beyond a reasonable doubt that nine months was a reasonable time-period within which the
State’s expert could accurately assess the damage caused by the criminal mischief. The jurors
were instructed on the proper method of measuring damages, and they could easily have believed
that the extent of the damage to Wiley’s walls, doors, and curtains did not change over the nine
months. Therefore, as the amount of damage remained unchanged, the jury could have found the
expert’s testimony accurately reflected the cost to repair the damaged property. Also, the jury
could find that the expert’s testimony about the estimated cost of repair for the windows which had
already been fixed reflected the cost to make these repairs within a reasonable time after the
damage occurred. Additionally, the Corpus Christi Court of Appeals, in Sepulveda v. State, found
that a rational factfinder could conclude that seven months was a reasonable time-period for
proving the cost to repair a window under Section 28.06(b). 751 S.W.2d 667, 668-69 (Tex.
App.—Corpus Christi 1988, pet. ref’d). Galvan’s third point is overruled.
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 19, 1997
Do not publish