COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-02-00059-CV

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

IN THE MATTER OF C.E.T., A
Juvenile,             )                
327th District Court

                                                                              )

                                                                              )            
of El Paso County, Texas

                                                                              )

                                                                              )                   (TC# 99,01895)

                                                                              )

 

 

MEMORANDUM   OPINION

 

This is an appeal
from an Order of Adjudication, finding that C.E.T. engaged in delinquent
conduct by committing the offense of assault. 
C.E.T. raises one issue for review: whether the evidence was legally
insufficient to justify the trial court=s
order of adjudication.    A petition was
filed on November 8, 2001, alleging C.E.T. had engaged in delinquent conduct by
committing the offense of assault.  On
November 19, 2001, C.E.T. waived her rights to a hearing before a juvenile
court judge and to a jury trial, agreeing to a non-jury trial conducted by a
juvenile court referee.  C.E.T. pled not
true to the offense and the referee conducted a bench trial. 








At trial, the
complainant D.E. testified that on October 31, 2001, she attended Bel Air High
School.  During her lunch break, she went
to a nearby park to meet with a girl named Alika so that they would talk about
the problems that Alika had with her. 
D.E.=s friend
C.S. accompanied her to the park.  There
were already a lot of people gathered when they arrived.  Right away, Appellant C.E.T. and her sister,
E.T.T., came up to her.  E.T.T.
confronted D.E. and accused D.E. of talking about E.T.T.=s
gang.  D.E. told E.T.T. that she had
never heard of her gang and that it was between she and Alika, not with
E.T.T.  Then E.T.T. began hitting D.E.  According to D.E.=s
testimony, while E.T.T. was hitting her, C.E.T. came up behind her and grabbed
her by her arms.  D.E. testified that
before C.E.T. grabbed her arms, she was protecting herself and swinging back.  D.E. knew that the person holding her arms
was C.E.T. because she turned around to look and see who was holding her
back.  E.T.T. continued to punch D.E. in
the face.  D.E. could not recall how long
C.E.T. held her arms or how she got loose. 
The next thing she knew she was on the ground and E.T.T. was on top of
her, punching her in the face.  E.T.T.
continued hitting D.E. and then someone yelled Acops@ and everyone started running
away.  

The State also
introduced testimony from witness C.S., D.E.=s
friend.  According to C.S., she drove
D.E. to the park.  C.S. remained in her
car and observed D.E. and E.T.T. fighting. 
C.S. did not get out of her car, but had a clear view of
everything.  C.S. saw E.T.T. hitting D.E.
in the face.  C.S. testified that she
never saw C.E.T. hit anybody, but there was one point where C.E.T grabbed D.E.
by the arms.  C.S. saw C.E.T. let go of
D.E. and then D.E. and E.T.T. fell onto the ground and continued to fight, with
D.E. on her back and E.T.T. straddled over her. 
C.S. honked her horn and said that the cops had come to the park.  At that point, E.T.T. got up, D.E. got up,
and everybody watching the fight ran. 
C.S. believed that D.E. and E.T.T. fought standing up for about three to
five minutes and that C.E.T. held on to D.E. for about thirty seconds before
D.E. and E.T.T. fought on the ground. 








Both Appellant
C.E.T. and her sister, E.T.T., testified that C.E.T. did not participate in the
fight, except to break it up.  E.T.T.
stated that when D.E. started bleeding, C.E.T. grabbed E.T.T. and stopped the
fight.  C.E.T. denied grabbing D.E. and
holding her so that her sister E.T.T. could hit her.  

The referee found
that C.E.T. had engaged in the assault. 
At the disposition hearing, C.E.T. was placed on intensive supervision
probation in Project Spotlight until her 18th birthday with an initial
placement at the Challenge Attitude Adjustment Program.

Standard
of Review 

When reviewing challenges
to the legal sufficiency of the evidence to establish the elements of the penal
offense that forms the basis of the finding that the juvenile engaged in
delinquent conduct, we must determine whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789-90, 61 L.Ed.2d 560 (1979); In the
Matter of A.S., 954 S.W.2d 855, 858 (Tex.App.--El Paso 1997, no pet.).

The
Law of Parties

The State was
required to prove that C.E.T. engaged in delinquent conduct based on her
commission of the offense of assault. 
The State=s Petition
Based On Delinquent Conduct in pertinent part, is as follows:








Count
1:           That said child engaged in
delinquent conduct, to wit: the above named child engaged in conduct other than
a traffic offense, which violated a penal law of this State punishable by
imprisonment in that heretofore, to wit: on or about the 31st day of October,
2001, and anterior to the presentment of this petition, in the County of El
Paso and State of Texas, the said C.E.T., did then and there intentionally,
knowingly and recklessly cause bodily injury to D.E. by striking the said D.E.
about the head with the hand of the said C.E.T., in violation of section 22.01
of the Texas Penal Code. 

 

Under the law of
parties, a person is criminally responsible as a party to an offense committed
by the conduct of another if the person acts with an intent to promote or
assist in the commission of the offense, and solicits, encourages, directs,
aids, or attempts to aid another person to commit the offense.  Tex.Pen.Code
Ann. '
7.02(a)(2)(Vernon 2003).  In evaluating
whether a defendant is a party to an offense, the court may examine the events
occurring before, during, or after the offense is committed and may rely on the
defendant=s actions
showing an understanding and common design to commit the offense.  See Marable v. State, 85 S.W.3d
287, 293 (Tex.Crim.App. 2002).  Mere
presence at the scene of a crime does not implicate an individual as a
party.  However, participation in a
criminal offense may be inferred from the circumstances.  Beardsley v. State, 738 S.W.2d 681,
684 (Tex.Crim.App. 1987).  Circumstantial
evidence alone may be sufficient to show that an individual is a party to an
offense.  See Miranda v. State,
813 S.W.2d 724, 732 (Tex.App.--San Antonio 1991, pet. ref=d). 









C.E.T. argues that
the evidence did not prove each of the elements of the offense alleged in the
State=s
petition.  Specifically, the State failed
to prove beyond a reasonable doubt that C.E.T. committed the offense of assault
by striking the complainant D.E. about the head with her hand.  See Tex.Fam.Code
Ann. '
54.03(f)(Vernon 2002); In the Matter of A.S., 954 S.W.2d at  857-58. 
C.E.T. asserts that the State never argued that the law of parties
applied in this case nor did the referee mention that he found C.E.T. had
engaged in delinquent conduct under the law of parties theory.  The evidence clearly indicates that C.E.T.
did not strike D.E. about the head with her hand.  Therefore, we must determine whether the law
of parties is applicable.

As in criminal
cases, the State in a juvenile case is not required to plead the law of parties
in its petition.  In the Matter of
O.C., 945 S.W.2d 241, 244 (Tex.App.--San Antonio 1997, no writ); see
Marable, 85 S.W.3d at 292.  A trial
court may charge on the law of parties if the evidence supports the charge,
even if there is no such allegation in the indictment.  Marable, 85 S.W.3d at 292.  C.E.T. seems to argue that although the
present case was a non-jury trial and thus, did not require a jury charge, the
law of parties theory was unavailable to the State because it failed to
indicate in the petition or at trial that it was proceeding on this
theory.  C.E.T. bases her argument on Goff
v. State in which the Court of Criminal Appeals noted that a defendant may
only be convicted on the basis on his own conduct, not the principal actor,
where there is no charge on the law of parties. 
See Goff v. State, 931 S.W.2d 537, 544 (Tex.Crim.App.
1996), cert. denied, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545
(1997).  We disagree with C.E.T.=s contention.  A trial court may charge on the law of
parties if it is supported by the evidence, it would follow that in the
non-jury trial context, the trial court may utilize the law of parties if the
evidence presented supports the theory, even though not plead in the State=s petition.  See In the Matter of A.C.,
949 S.W.2d 388, 391 (Tex.App.--San Antonio 1997, no writ).








Viewing the evidence
in the light most favorable to the verdict, there was evidence that C.E.T. came
to the park that day and was with her sister E.T.T. when the fight began.  C.E.T. remained in the circle of spectators
gathered around E.T.T. and D.E.  D.E. and
C.S. testified to C.E.T. grabbing D.E. and holding her back while E.T.T.
continued to punch D.E. in the face with her fist.  Despite C.E.T.=s
argument to the contrary, this evidence was sufficient to support the State=s allegation as to the manner in which
the offense of assault was committed. 
D.E. also testified that she was unable to protect herself after C.E.T.
restrained her.  Further, C.S. testified
that she stopped the fight by honking her horn and saying the cops were at the
park.  A reasonable trier of fact could
have determined beyond a reasonable doubt that C.E.T. was a party because she
assisted the principal actor in the commission of the offense alleged.

We overrule Issue
One, and affirm the trial court=s
adjudication of delinquency.

 

 

March
20, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.