# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-03-00057-CV
---

**In the Matter of B. P. C.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-20,979, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellant B.P.C., a minor, was adjudicated as having engaged in delinquent conduct for committing the offense of escape. *See* Tex. Pen. Code Ann. § 38.06 (West 2003). He appeals, contending that (1) there was a material variance between the allegations in the State's petition and the proof produced at the hearing, (2) the evidence is legally and factually insufficient to support the trial court's determination, and (3) the State erred in charging him with escape instead of failure to appear and bail jumping. *See id*. § 38.10 (West 2003). We will affirm the trial court's judgment.

Appellant was first placed on probation in June 2001. His probation was extended several times, and in April 2002 he was taken into custody for probation violations. Following a hearing on May 28, 2002, appellant's probation was extended until May 2003, and he was ordered to attend the Leadership Academy. However, no beds were immediately available at the Academy, and so appellant was ordered to begin his probation under confinement at the Gardner Betts

Detention Facility. The detention order was signed by a juvenile court referee on May 29 and by the trial court on June 5. At 11:00 a.m. on May 31, appellant was released into his uncle's custody under a furlough order providing that appellant was released until 7:00 p.m. that same day. That night, however, appellant's uncle reported that appellant had run away, and when appellant did not return at 7:00 p.m. as ordered, sheriff's deputies were summoned to find him. Appellant was taken into custody by sheriff's deputies at about 11:30 p.m. on May 31.

On June 13, the State filed an original petition alleging appellant had engaged in delinquent conduct by "intentionally and knowingly escape[ing] from custody of Estella Medina,[1] when [appellant] was under arrest for an offense." In October, appellant was adjudicated delinquent and placed on probation until December 2003 at the Kerr County Juvenile Facility.

**Validity of the Detention Order**

Appellant attacks the validity of the order under which he was detained, arguing that it was not signed timely under the family code. The family code provides that a detention hearing may be held before a referee if the parties agree. *See* Tex. Fam. Code Ann. §§ 54.01(*l*), .10(a) (West 2002 & Supp. 2004). At the conclusion of the hearing, the referee is to transmit written findings and recommendations to the juvenile court, and the juvenile court must adopt, modify, or reject the referee's recommendations "not later than the next working day after the day that the judge receives the recommendations." *Id*. §§ 54.01(*l*), .10(d). If the juvenile court does not act within that time period, the child is deemed released as a matter of law. *Id*. §§ 54.01(*l*), .10(d). A detention order

---

[1] Estella Medina is the Chief Juvenile Probation Officer for Travis County and has authority over Gardner Betts.

extends to the end of a disposition hearing, if one is conducted, but for no more than ten working days, and further detention orders may be entered after further detention hearings. *Id.* § 54.01(h). The effect of a detention order is computed from the time of the referee's hearing. *Id.* § 54.01(*l*).

Following the May 28 hearing, the referee's recommendation was signed on May 29, 2002. The juvenile court signed the order on June 5, 2002. The record is silent as to when the referee transmitted his recommendation to the juvenile court or when the court received it. The family code requires a referee to transmit recommendations to the juvenile court "[a]t the conclusion" of a detention hearing, but does not impose a specific time limit on a referee for the preparation and transmittal of those recommendations. The record is silent as to the timing of the referee's transmittal of his findings, and we hold that four working days to prepare and send findings does not obviously violate the requirement that the referee shall transmit his findings and recommendations "[a]t the conclusion" of the detention hearing. The order does not show on its face that it was invalid. *See Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1984) (op. on reh'g) (trial court's judgment carries presumption of regularity); *In re Wal-Mart Stores, Inc.*, 20 S.W.3d 734, 739-40 (Tex. App.—El Paso 2000, orig. proceeding) (public policy favors presumption that judgments are valid). We note that appellant did not raise this issue before the hearing by way of a pretrial motion or during the evidentiary stage of the hearing. He instead waited until the conclusion of his closing argument to raise the point, saying, "Oh, one last thing, . . . [i]t's my position that as an operation of law under Section 54.10 of the Family Code that [appellant] was released from custody." We hold that appellant has not shown that the order under which he was released on furlough was void or that he should have been considered released by operation of law.

3

**Sufficiency of the Evidence**

In his second and third issues, appellant contends that the evidence is legally and factually insufficient to establish that he committed the offense of escape.

*Standard of Review*

An adjudication of delinquency is based on criminal standards of proof. *See* Tex. Fam. Code Ann. § 54.03(f) (West Supp. 2004); *In re M.C.L.*, 110 S.W.3d 591, 594 (Tex. App.—Austin 2003, no pet.). Therefore, we review an adjudication of delinquency under the same standards used to review the sufficiency of the evidence in criminal cases. *M.C.L.*, 110 S.W.3d at 594. In reviewing the legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *M.C.L.*, 110 S.W.3d at 594. We review the factual sufficiency by viewing all of the evidence in a neutral light. *Johnson*, 23 S.W.3d at 11; *M.C.L.*, 110 S.W.3d at 594. We will set aside a trial court's determination only if the evidence is so obviously weak or so greatly outweighed by contrary evidence as to undermine confidence in the determination. *See Johnson*, 23 S.W.3d at 11.

A person commits the offense of escape if he escapes from custody while under arrest for, charged with, or convicted of an offense or while in custody pursuant to a lawful court order. Tex. Pen. Code Ann. § 38.06(a). "Escape" is defined as the unauthorized departure from custody or the failure to return to custody after temporary leave. *Id*. § 38.01(2) (West 2003). "Custody" means under arrest by a peace officer or under restraint by a public servant pursuant to a court order.

*Id*. § 38.01(1)(A). "Escape" does not include violations of parole or probation conditions other than those that order confinement in a secure correctional facility. *Id*. § 38.01(2).

*Discussion*

The evidence is undisputed that appellant was arrested and confined to Gardner Betts pursuant to orders signed by the juvenile referee and the trial court. Medina is the chief juvenile probation officer of Travis County and is in charge of Gardner Betts. Appellant was therefore "in custody" because he was under restraint of a public servant pursuant to a valid court order. *See id*. §§ 38.01(1)(A), .06(a). Appellant was released from Gardner Betts into his uncle's care for several hours on May 31 pursuant to a furlough order, was ordered to return by 7:00 p.m., and failed to do so. The statute does not require a person to physically wrest himself out of a public servant's control to have committed escape. Instead, a person can commit escape by simply failing to return as ordered when released from custody for temporary leave. *See id*. § 38.01(2); *Martin v. State*, 654 S.W.2d 473, 474-75 (Tex. App.—Waco 1982), *rev'd on other grounds*, 652 S.W.2d 777 (Tex. Crim. App. 1983) (defendant on work release committed escape when he failed to return to sheriff's custody at end of work day); *see also Lawhorn v. State*, 843 S.W.2d 268, 272-73 n.1 (Tex. App.—Austin 1992) (Powers, J., dissenting), *aff'd*, 898 S.W.2d 886 (Tex. Crim. App. 1995) ("During the interval between arrest and lawful discharge, a prisoner's legal status as a person in custody never changes. His physical status may change, however, even to the extent of physical liberty subject only to incorporeal conditions imposed by his custodian. These conditions may only impose, for example, chronological or geographical limits on the prisoner's liberty. *Wharton's* refers to the prisoner's status, in such cases, as 'constructive custody.' [4 Charles E. Torcia, *Wharton's*

5

*Criminal Law* § 670, at 431 (14th ed., 1981)]."). Both viewed in the light most favorable to the adjudication and in a neutral light, the evidence is legally and factually sufficient to support a finding that appellant's failure to return to custody after temporary leave amounted to "escape" as defined by section 38.01(2), and that appellant therefore committed the offense of escape from custody pursuant to a court order. *See* Tex. Pen. Code Ann. §§ 38.01(2), .06(a).

Appellant further argues that because the escape statute states that it does not apply to probation violations, he cannot have committed escape because he was taken into custody in the first place for probation violations. "Escape," as defined by the statute, does not apply to probation violations *except for* "conditions that impose a period of confinement in a secure correctional facility." *Id*. § 38.01(2). We read this to mean that a person cannot be charged with escape if he violates probation conditions that are not related to confinement, such as failing to appear for a meeting with a probation officer or for a court-ordered drug test. However, he can be charged with escape if he violates terms confining him to a correctional facility. *See Martin*, 654 S.W.2d at 474-75. Further, if a person is taken into custody due to probation violations not related to confinement, he can still be charged with escape from the court's detention order if he leaves custody without permission or fails to return to custody after temporary leave.

Under the trial court's order modifying appellant's disposition, appellant was ordered placed at the Leadership Academy until successfully discharged. Because there was no space immediately available at the Academy, appellant was ordered confined to Gardner Betts. Both the Academy and Gardner Betts qualify as secure correctional facilities, defined by the family code as any facility "used for the placement of any juvenile who has been adjudicated as having committed

6

an offense." Tex. Fam. Code Ann. § 51.02(13)(B) (West Supp. 2004). Therefore, appellant's failure to return to Gardner Betts where he was confined by court order amounts to the offense of escape.

Having found the evidence legally and factually sufficient to support the adjudication, we overrule appellant's second and third issues.

## Variance

As discussed above, the evidence is sufficient to show that appellant committed the offense of escape from custody pursuant to a court order. *See* Tex. Pen. Code Ann. §§ 38.01(2), .06(a). However, the State's petition did not allege simply that appellant had committed escape. Instead, the State alleged that he committed escape by escaping while he was "under arrest for an offense." *See id*. § 38.06(a).

The court of criminal appeals has held that a variance between a charging instrument and evidence adduced at trial is a legal sufficiency issue. *Gollihar v. State*, 46 S.W.3d 243, 257-58 (Tex. Crim. App. 2001). Such an issue arises when the State proves a defendant guilty of a crime, but the evidence shows that the crime was committed in a manner that varies from the allegations in the indictment; if such a variance is material, the evidence may be insufficient to sustain the conviction. *Id*. at 246, 257. *Gollihar* rejected the surplusage doctrine, which formerly required the State to prove an "extra or unnecessary allegation [that] 'is descriptive of that which is legally essential to charge a crime.'" *Id*. at 250, 256 (quoting *Eastep v. State*, 941 S.W.2d 130, 134 n.7 (Tex. Crim. App. 1997)). The *Gollihar* court held that a variance is fatal only if it is material and if it prejudiced the defendant's "substantial rights" by denying him the ability to adequately prepare

7

a defense or by exposing him to the risk of being prosecuted later for the same crime. *Id*. at 257-58 (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

Although this Court has noted that a juvenile adjudication proceeding is a quasi-criminal proceeding, *see In re M.S.*, 940 S.W.2d 789, 790-91 (Tex. App.—Austin 1997, no writ), juvenile proceedings generally are governed by the rules of civil procedure and the family code. Tex. Fam. Code Ann. § 51.17 (West Supp. 2004); *In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002); *see In re L.M.*, 993 S.W.2d 273, 280 n.3 (Tex. App.—Austin 1999, pet. denied); *In re O.C.*, 945 S.W.2d 241, 243 (Tex. App.—San Antonio 1997, no writ). Under the rules of civil procedure, an alleged variance between the pleadings and proof is evaluated by considering whether the variance is substantial, misleading, and prejudicial. *O.C.*, 945 S.W.2d at 243 (citing *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex. 1980)); *In re A.B.*, 868 S.W.2d 938, 942 (Tex. App.—Fort Worth 1994, no writ). *But see L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex. 1987) (indictment did not allege transferred intent; variance violated child's rights).

Appellant alleges that his "ability to prepare his defense was fundamentally prejudiced" by the variance and that he had "no reason to suspect that the State would try to base its adjudication on some alternative means of committing the offense of escape." However, the reporter's record indicates that appellant did not raise the variance issue until after the State had rested its case. Appellant questioned the various witnesses thoroughly, asking questions about the circumstances surrounding his detention after he failed to return on time.[2] He has not explained how

---

[2] Appellant's counsel's questioning centered on whether appellant was arrested in May for probation violations or for the commission of a new offense. Appellant urges that this indicates that he relied on the offense as alleged in the indictment. However, in closing, counsel argued that

8

he was unable to prepare an adequate defense to the charge of escape because of this variance or how he might have been misled by any variance between the indictment and the State's proof. Finally, he has not explained how he might risk being charged again in the future with the same crime. Appellant has not carried his burden of showing that he was harmed by the variance. *See Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001) (even under criminal law, "the burden of demonstrating surprise or prejudice rests with the defendant"). We therefore hold that any variance that may have existed between the State's petition and the evidence presented at trial was not fatal.[3] We overrule appellant's first issue on appeal.

---

appellant was never in custody on a valid court order because he was picked up for probation violations and not an offense. He further argued that appellant was released from Medina's custody by the furlough order, stating, "The entire element of custody is nonexistent in this case." He went on to say,

> He may have been in violation of the furlough order but he was not in custody. I refer the Court to the definition of escape . . . . It says it's an unauthorized departure from custody or failure to return to custody following temporary leave of specific purposes . . . . And the Court in that case [*Grant v. State*, 753 S.W.2d 185 (Tex. App.—Dallas 1988, no writ)], said not returning from a furlough can be grounds for revocation or in our case a modification of probation but cannot serve as a basis for escape. So, therefore, [appellant] first of all was not in custody when he did not return, and second, it could not have been a basis for escape because it was pursuant to conditions of his community supervision.

Appellant's counsel seems to have thoroughly understood that the basis of the charge was appellant's failure to return from the furlough on time.

[3] The supreme court has not decided whether the *Gollihar* standard should apply to juvenile adjudication proceedings. However, we need not address this question here. Even if we assume that *Gollihar* applies, appellant has not explained how his substantial rights were prejudiced by the alleged variance. There is no evidence that he was unable to prepare an adequate defense or that he could be subject to the risk of being prosecuted later for the same crime. *See Santana v. State*, 59 S.W.3d 187, 195 (Tex. Crim. App. 2001) (if prosecuted again, defendant may avail himself of entire record and not merely charging instrument).

9

**Charge of Escape**

In his fourth issue, appellant urges that he should have been charged with commission of bail jumping and failure to appear instead of escape. A person commits bail jumping and failure to appear if he is released from custody under the condition that he appear at a later court proceeding and intentionally or knowingly fails to do so as ordered. Tex. Pen. Code Ann. § 38.10(a) (West 2003); *see Doucette v. State*, 774 S.W.2d 88, 91 (Tex. App.—Beaumont 1989, pet. dism'd) (Brookshire, J., dissenting) ("The gravamen of the offense of felony bail jumping is the failure to appear. Whether the underlying felony offense is proven is immaterial. The state is merely required to show that the charges for the felony offenses were *then pending against the defendant*.") (emphasis in original); *Richardson v. State*, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) ("in a prosecution under [former bail jumping statute], proof the defendant was free pursuant to an instanter bond constitutes a prima facie showing that he had notice of the proceeding at which he failed to appear"). The bail jumping statute would be a strange fit for this case, in which appellant was released by the temporary furlough order for only a few hours to pick up some of his possessions. The detention order provided that appellant was to remain in the State's custody until he had successfully completed the Leadership Academy's program, and his confinement was suspended only briefly, to be resumed as soon as the leave was over. Appellant was not released and ordered to appear at a later proceeding as envisioned by the failure to appear/bail jumping statute. *See* Ed Kinkeade & S. Michael McColloch, *Texas Penal Code Annotated* 398 (1999-2000 ed.) (commentary to section 38.10) (bail jumping "offense occurs when a court appearance is missed"); *Black's Law Dictionary* 97, 675 (6th ed. 1990) ("appear" defined as "[t]o be properly before a court

10

. . . [c]oming into court by a party to a suit"; "appearance" defined as "coming into court as party to a suit, . . . [t]he formal proceeding by which a defendant submits himself to the jurisdiction of the court"; "furlough" defined as a "leave of absence"). Further, if a prosecutor has probable cause to believe that a person committed a statutory offense, the prosecutor generally has discretion in deciding what charges to file. *See Roise v. State*, 7 S.W.3d 225, 243 (Tex. App.—Austin 1999, pet. ref'd). Appellant has not shown that the State erred or abused its discretion in charging him with the offense of escape instead of failure to appear. We overrule appellant's fourth issue.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: March 25, 2004