TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON MOTION FOR RECONSIDERATION EN BANC








NO. 03-03-00057-CV







In the Matter of B. P. C.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-20,979, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant's motion for reconsideration en banc is overruled as to en banc
consideration and granted as to panel consideration only. The opinion and judgment in this cause
dated March 25, 2004, are withdrawn. 

 Appellant B.P.C., a minor, was adjudicated as having engaged in delinquent conduct
for committing the offense of escape. See Tex. Pen. Code Ann. § 38.06 (West 2003). He appeals,
contending that (1) there is a material variance between the allegations in the State's petition and the
proof produced at the hearing, (2) the evidence is legally and factually insufficient to support the trial
court's determination, and (3) the State erred in charging him with escape instead of failure to appear
and bail jumping. See id. § 38.10 (West 2003). We agree that there is a material variance between
the allegations and the proof. As a consequence, the evidence is legally insufficient to sustain the
adjudication of delinquency.

 Appellant was first placed on probation in June 2001. (1) His probation was extended
several times, and in April 2002 he was taken into custody for probation violations. Following a
hearing on May 28, 2002, appellant's probation was extended until May 2003, and he was ordered
to attend the Leadership Academy. Because no beds were immediately available at the Academy,
appellant was ordered to begin his probation under confinement at the Gardner Betts Detention
Facility. The detention order was signed by a juvenile court referee on May 29 and by the trial court
on June 5. At 11:00 a.m. on May 31, appellant was released into his uncle's custody under a
furlough order providing that appellant was released until 7:00 p.m. that same day. That night,
appellant's uncle reported that appellant had run away, and when appellant did not return at 7:00
p.m. as ordered, sheriff's deputies were summoned to find him. Appellant was taken into custody
at about 11:30 p.m. on May 31.

 On June 13, the State filed an original petition alleging appellant had engaged in
delinquent conduct by "intentionally and knowingly escape[ing] from custody of Estella Medina,[ (2)]
when [appellant] was under arrest for an offense." In October, appellant was adjudicated delinquent
and placed on probation until December 2003 at the Kerr County Juvenile Facility.


Charge of Escape


 In his fourth issue, appellant urges that he should have been charged with commission
of bail jumping and failure to appear instead of escape. A person commits bail jumping and failure
to appear if he is released from custody under the condition that he appear at a later court proceeding
and intentionally or knowingly fails to do so as ordered. Tex. Pen. Code Ann. § 38.10(a) (West
2003); see Doucette v. State, 774 S.W.2d 88, 91 (Tex. App.--Beaumont 1989, pet. dism'd)
(Brookshire, J., dissenting) ("The gravamen of the offense of felony bail jumping is the failure to
appear. Whether the underlying felony offense is proven is immaterial. The state is merely required
to show that the charges for the felony offenses were then pending against the defendant.")
(emphasis in original); Richardson v. State, 699 S.W.2d 235, 238 (Tex. App.--Austin 1985, pet.
ref'd) ("in a prosecution under [former bail jumping statute], proof the defendant was free pursuant
to an instanter bond constitutes a prima facie showing that he had notice of the proceeding at which
he failed to appear"). The bail jumping statute would be a strange fit for this case, in which appellant
was released by the temporary furlough order for only a few hours to pick up some of his
possessions. The detention order provided that appellant was to remain in the State's custody until
he had successfully completed the Leadership Academy's program, and his confinement was
suspended only briefly, to be resumed as soon as the leave was over. Appellant was not released and
ordered to appear at a later proceeding as envisioned by the failure to appear/bail jumping statute. 
See Ed Kinkeade & S. Michael McColloch, Texas Penal Code Annotated 398 (1999-2000 ed.)
(commentary to section 38.10) (bail jumping "offense occurs when a court appearance is missed");
Black's Law Dictionary 97, 675 (6th ed. 1990) ("appear" defined as "[t]o be properly before a court
. . . [c]oming into court by a party to a suit"; "appearance" defined as "coming into court as party to
a suit, . . . [t]he formal proceeding by which a defendant submits himself to the jurisdiction of the
court"; "furlough" defined as a "leave of absence"). Further, if a prosecutor has probable cause to
believe that a person committed a statutory offense, the prosecutor generally has discretion in
deciding what charges to file. See Roise v. State, 7 S.W.3d 225, 243 (Tex. App.--Austin 1999, pet.
ref'd). Appellant has not shown that the State erred or abused its discretion in charging him with
the offense of escape instead of failure to appear. We overrule appellant's fourth issue.


Sufficiency of the Evidence


 In his first three issues, appellant contends the evidence is legally and factually
insufficient to establish that he committed the offense of escape as alleged in the petition. An
adjudication of delinquency is based on criminal standards of proof. See Tex. Fam. Code Ann.
§ 54.03(f) (West Supp. 2004); In re M.C.L., 110 S.W.3d 591, 594 (Tex. App.--Austin 2003, no
pet.). Therefore, we review the sufficiency of the evidence in an adjudication of delinquency under
the same standards used in criminal cases. M.C.L., 110 S.W.3d at 594.

 Appellant makes two basic arguments. First, he contends the State failed to prove
that he escaped from custody within the meaning of the penal code. Second, he urges that even if
an escape from custody is shown, there is a material variance between the offense proved and the
offense alleged in the petition. Although we find the second argument to be dispositive, we will
briefly discuss the first in order to give context to the variance issue. 

Did appellant escape from custody?

 A person commits an offense if he escapes from custody when: (1) he is under arrest
for, charged with, or convicted of an offense, or (2) he is in custody pursuant to a lawful court order. 
Tex. Pen. Code Ann. § 38.06(a). "Escape" is defined as the unauthorized departure from custody
or the failure to return to custody after temporary leave. Id. § 38.01(2) (West 2003). "Custody"
means under arrest by a peace officer or under restraint by a public servant pursuant to a court order. 
Id. § 38.01(1)(A).

 Under the trial court's order modifying appellant's disposition, appellant was ordered
placed at the Leadership Academy until successfully discharged. Because there was no space
immediately available at the Academy, appellant was ordered confined to Gardner Betts. Medina
is the chief juvenile probation officer of Travis County and is in charge of Gardner Betts. The
evidence is legally and factually sufficient to prove that appellant was in "custody" because he was
under restraint of a public servant pursuant to a valid court order. See id. §§ 38.01(1)(A), .06(a)(2); 
see Jackson v. Virginia, 443 U.S. 307, 324 (1979) (test for legal sufficiency); Griffin v. State, 614
S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same); Zuniga v. State, No. 539-02, 2004 Tex. Crim.
App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (test for factual sufficiency).

 Appellant was released from Gardner Betts into his uncle's care for several hours on
May 31 pursuant to a furlough order and ordered to return by 7:00 p.m. He failed to do so. The
penal code does not require a person to physically wrest himself out of a public servant's control to
have committed escape. Instead, a person can commit escape by simply failing to return as ordered
when released from custody for temporary leave. See id. § 38.01(2); Martin v. State, 654 S.W.2d
473, 474-75 (Tex. App.--Waco 1982), rev'd on other grounds, 652 S.W.2d 777 (Tex. Crim. App.
1983) (defendant on work release committed escape when he failed to return to sheriff's custody at
end of work day). The evidence is legally and factually sufficient to support a finding that
appellant's failure to return to his court-ordered custody after temporary leave amounted to "escape"
as defined by section 38.01(2). See Tex. Pen. Code Ann. § 38.01(2).


Is there a material variance between the pleading and the proof?

 The State's petition alleged that appellant escaped from custody when he was under
arrest for an offense. See id. § 38.06(a)(1). But as we have discussed, the evidence shows that
appellant escaped when in custody pursuant to a court order. See id. § 38.06(a)(2). Appellant
contends this is a material variance that renders the evidence legally insufficient to sustain the
adjudication. (3)

 A variance issue arises when the State proves the defendant guilty of a crime, but the
evidence shows that the crime was committed in a manner that varies from the allegations in the
charging instrument. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance
between the allegations in the charging instrument and the evidence adduced at trial is a legal
sufficiency issue. Id. at 257. If the variance is material, the evidence will be deemed legally
insufficient. Id. A variance is material if the charging instrument, as written, did not give the
defendant adequate notice of the charge against him or if the charging instrument, as written,
subjected the defendant to the risk of a second prosecution for the same crime. Id.

 When a penal statute defines two or more alternative methods of committing an
offense but the charging instrument alleges only one of those methods, the method alleged must be
proved. Curry v. State, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000). Curry discussed this issue in
terms of "surplusage," a concept later abandoned in Gollihar. See Curry, 30 S.W.3d at 405;
Gollihar, 46 S.W.3d at 256-57. Nevertheless, Gollihar cited Curry repeatedly and discussed it with
approval. Gollihar, 46 S.W.3d at 254-56. We conclude that under Curry and Gollihar, when a
charging instrument alleges some but not all of the alternative statutory methods of committing an
offense, the State must prove the method or methods alleged and any variance in this regard is
material. See id. at 259 (Keller, P.J., concurring).

 To be guilty of escape, a person must be in custody under one of four statutorily
prescribed circumstances: when under arrest for an offense, when charged with an offense, when
convicted of an offense, or pursuant to a lawful court order. Tex. Pen. Code Ann. § 38.06(a). These
four alternatives are separate and distinct elements of the offense; they are not interchangeable. 6
Michael B. Charlton, Texas Practice: Texas Criminal Law § 22.6 (2d ed. 2001) (citing McWilliams
v. State, 782 S.W.2d 871, 872-73 n.1 (Tex. Crim. App. 1990)). Having alleged that appellant was
in custody when under arrest for an offense, the State was required to prove this specific
circumstance. We hold that there is a material variance between the allegation that appellant was
in custody when under arrest for an offense and the proof that he was in custody pursuant to a court
order. (4) Appellant's first issue is sustained.

 The evidence is legally insufficient to prove that appellant engaged in delinquent
conduct as alleged in the petition. Therefore, we reverse the judgment of delinquency and remand
the cause to the district court with the instruction to dismiss the case with prejudice. See Tex. Fam.
Code Ann. § 54.03(g) (West Supp. 2004).



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Reversed and Remanded

Filed: May 27, 2004

1. Although it is not entirely clear from the record, it appears that appellant was initially
adjudicated delinquent based on proof he possessed marihuana.
2. Estella Medina is the Chief Juvenile Probation Officer for Travis County and has authority
over Gardner Betts.
3. The State asserts that there is no variance because when appellant was arrested for the
probation violation, he was in effect rearrested for the offense that led to his being placed on
probation in the first place. On May 31, 2002, however, when appellant escaped by failing to return
to the detention facility, he was not in custody because he was under arrest for an offense. He was
in custody pursuant to the trial court's order confining him in Gardner Betts while awaiting
placement in the Leadership Academy.
4. Although this Court has noted that a juvenile adjudication proceeding is a quasi-criminal
proceeding, see In re M.S., 940 S.W.2d 789, 790-91 (Tex. App.--Austin 1997, no writ), juvenile
proceedings generally are governed by the rules of civil procedure and the family code. Tex. Fam.
Code Ann. § 51.17 (West Supp. 2004); In re R.J.H., 79 S.W.3d 1, 6 (Tex. 2002); see In re L.M., 993
S.W.2d 273, 280 n.3 (Tex. App.--Austin 1999, pet. denied); In re O.C., 945 S.W.2d 241, 243 (Tex.
App.--San Antonio 1997, no writ). Under the rules of civil procedure, an alleged variance between
the pleadings and proof is evaluated by considering whether the variance is substantial, misleading,
and prejudicial. O.C., 945 S.W.2d at 243 (citing Brown v. American Transfer & Storage Co., 601
S.W.2d 931, 937 (Tex. 1980)); In re A.B., 868 S.W.2d 938, 942 (Tex. App.--Fort Worth 1994, no
writ). But see L.G.R. v. State, 724 S.W.2d 775, 776 (Tex. 1987) (indictment did not allege
transferred intent; variance violated child's rights). Application of the civil rule would not change
the result here. By definition, a material variance under Gollihar is substantial, misleading, and
prejudicial.