Oscar Pretre v. The State.

No. 12187. Delivered March 27, 1929.
Rehearing denied May 22, 1929.

460

The opinion states the case.

*Sturgeon, Birmingham & Sturgeon* of Paris, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, arson; penalty, two years in the penitentiary.

About the 13th day of October, 1927, a building occupied by A. H. Brown, a public weigher, was burned. It was shown that bales of cotton occupied a platform adjoining this building. It was the theory of the State that appellant had stolen one of these bales and thereafter fired the cotton on the platform to hide the commission of his offense, and that the fire thus set was communicated to the building in question, burning it down.

Omitting non-essential parts, the indictment charges that appellant "did then and there unlawfully and wilfully set fire to and burn the house of A. H. Brown, there situate." It is contended that this indictment should have alleged the means by which appellant set fire to this building, since it appears that the building was not directly set on fire and since the apparent design was only to burn the cotton. Art. 1307 of the Penal Code sufficiently answers appellant's contention. It provides:

"It is of no consequence by what means the fire is communicated to a house, if the burning is with design. It may be by setting fire to any combustible material communicated therewith, by an explosion, or by any other means."

It is further provided by Art. 1308, P. C.:

"When fire is communicated to a house by means of the burning of * * * some combustible matter, it is presumed that the intent was to destroy every house actually burnt; provided there was any apparent danger of such construction (destruction)."

The form of this indictment has been heretofore approved. Kelley v. State, 44 Tex. Crim. Rep. 187. We think its allegations were sufficient to let in proof of the circumstances showing that the fire was originally set in the bales of cotton immediately adjacent to the house. The means by which the fire was communicated to the house is made immaterial by statute. We judicially know that cotton is a combustible material and the legal presumption obtains under Art. 1308, P. C., that the appellant intended to destroy the house in question if and when it is shown that he set fire to the cotton.

It is further contended that the record in this case fails altogether to show that the indictment in question was presented by a legal grand jury of Red River County, a quorum thereof being present. At page eight of the transcript we find the following:

"On this the 4th day of November A. D. 1927, came into open Court, in a body, the Grand Jury, a quorum thereof being present,

and through their foreman delivered to the Judge of this Court the following indictment:

The State of Texas . . . . . . . Plaintiff,

No. 9718 —vs—

Oscar Pretre . . . . . . . Defendant

Charge;—Arson."

This would seem to sufficiently answer the appellant's contention. However, we observe that this indictment upon its face shows that it was presented in the District Court of Red River County by the grand jurors "duly organized as such." The recitals in the face of the indictment are such as to presumptively show its validity and that it was presented by a legal grand jury of the proper county. Under these circumstances it devolved upon the appellant in support of his contention to show otherwise. This he failed to do. De Olles v. State, 20 Tex. Crim. App. 145. There is nothing shown in support of appellant's contention in this regard except his ex parte statements contained in a motion. The contention is without merit in our opinion.

This case was tried before the Honorable R. T. Wilkinson, who exchanged benches with the regular judge, the Honorable R. J. Williams. The regular judge had apparently certified his disqualification to the Governor on the ground that he had a brother-in-law who owned some of the cotton destroyed by the fire in question. Appellant contends this fact did not disqualify the regular judge and that therefore the Governor was without authority as he did to direct an exchange of benches. We find, however, in the record an order reciting that the two judges "deemed that an exchange of benches by them was expedient and such exchange having been made as provided by the revised statutes of the State of Texas," etc. Art. 5, Sec. 11, of the Constitution provides that judges may exchange districts when they deem it expedient. It was held in Johnson v. State, 61 Tex. Crim. Rep. 104, that the judge of another district may sit at the request of the regular judge, though the latter is not disqualified. The recitals of the order in question are presumptively true and must be so regarded by us in the absence of a sufficient and appropriate showing to the contrary. That the judges in question had the right to exchange benches is expressly authorized by the Constitution and that they did so is shown by the recitals in one of the orders appearing in the transcript. Under these circumstances it is immaterial that the regular judge was not in fact disqualified to try the

case. Johnson v. State, supra. We think the Court's action correctly disposed of appellant's motion to disqualify.

A written confession of appellant was introduced in evidence over proper objection by him that it did not relate to and was not made concerning the offense charged in the bill of indictment and for which he was put on trial. This confession does in fact relate to burning the cotton. This is the very transaction for which the appellant was on trial and we think it is not material that the technical offense of the wilful burning of the building was not mentioned either in the confession or in the warning. Art. 727, C. C. P.; Johnson v. State, 67 Tex. Crim. Rep. 95; Czernicki v. State, 211 S. W. 223.

It is claimed by appellant that his confession was not voluntary in that it was induced by a promise of the prosecuting attorney to give him a suspended sentence and was obtained by him under circumstances showing improper influences and that such matter should have been affirmatively submitted to the jury with an appropriate instruction to disregard such confession if a reasonable doubt existed as to the truth of the existence of the matters claimed by appellant. The Court in his general charge instructed the jury to disregard the confession in question if they entertained a reasonable doubt as to whether it was induced by persuasion or promise of immunity from prosecution and in addition gave appellant's Special Charge No. 3 in modified form in the following language:

"Gentlemen of the jury you are further charged that if you believe or if you have a reasonable doubt thereof, that the statement introduced before you as having been made by the defendant to the county attorney, was procured from the defendant by reason of any promise or influence or persuasion then made or used, you will not consider said statement for any purpose and it will be your duty to disregard same."

This, we think, gave appellant all that he was entitled to.

The most serious question in the case to our mind is the sufficiency of the evidence. It is the well settled rule that an extrajudicial confession alone is not sufficient to establish the corpus delicti. Underhill's Criminal Evidence (Third Edition), Sec. 36; Duncan v. State, 7 S. W. (2nd) 79, and authorities there collated. But it is further held that the confession may be used to aid the proof of corpus delicti. Jackson v. State, 29 Tex. Crim. Rep. 464; Branch's P. C., P. 1049, and authorities there shown. In this case appellant made a written confession admitting that he set fire to

the cotton in question and that he did so to cover up the theft of a bale of cotton which he had taken before from Will Pines and sold to J. W. Mann and which was stored on the cotton yard at the time of the fire. Appellant on the witness stand denied such theft, but admitted he had plead guilty to theft of "a bale of cotton" in order to get a suspended sentence. The State's theory was that appellant drove his uncle's car to the scene of the burning, set fire to the cotton and fled. A car was seen to go hurriedly towards the cotton platform and in a few minutes a car came rapidly back at about which time the fire broke out on the cotton platform. The Sheriff testified that near the cotton platform was a mud hole, that immediately after the fire he found fresh car tracks through this mud hole; the two hind wheels made different impressions in the mud from each other and both different from the impressions made by the two front wheels; that a few days later he saw a car at the home of appellant's uncle, a Mr. Willingham, that would make the impressions seen by him in the mud hole at the cotton platform. Appellant admits he was driving his uncle's car that night, and the description of the car seen going rapidly towards and from the direction of the burned premises fitted in a general way the Willingham car. Appellant is further shown to have borrowed matches just before the fire started and to have been in its general vicinity at the time it occurred. We regard the evidence as sufficient, though perhaps meagerly so, to sustain the conviction.

Judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing on the one proposition that the testimony is not sufficient to corroborate his own confession. We have again reviewed the facts. In said confession appellant explicitly stated that on the night of October 13, 1927, he set fire to the cotton on the platform at Annona, Texas, which fire was shown to have been communicated to the building whose burning is here charged. It is stated in said confession that after setting fire to the cotton, appellant drove back to the main road through a mud hole at the southeast corner of the cotton yard, and thence on to the Lucian Willingham home, which he reached about 10:30 P. M.

When a confession is made and the circumstances therein related correspond in material points with those proven to have existed, aliunde the confession, this may be evidence sufficient to satisfy a jury in rendering a verdict of guilty. Kugadt v. State, 38 Texas Crim. Rep. 694; Aven v. State, 95 Texas Crim. Rep. 159. Examining the record, we find Mr. Tennison said he got to the fire while it was still burning, and saw fresh automobile tracks going through a mud hole about thirty feet from the platform where the cotton was, and that he followed same east about a mile and a half to where they turned north. Sheriff Elder swore he saw the same thing, and that he saw a car at Mr. Lucian Willingham's a few days after the fire whose casings would make the kind of track which he saw going east from the mud hole. It was shown without dispute that appellant had worked at the place where the fire occurred and quit on the day before the fire took place that night. He stated in his confession that he set the cotton on fire in order to cover the theft of a bale of same by himself. Without going into great detail, it was shown that appellant came in a car from his uncle Lucian Willingham's place to Mr. Wartham's on the night of the fire, and that he went with some of the Wartham family in said car which he drove to their house,—to another place, and that he came back to the Wartham home about 10 o'clock. When he left this place he got some matches, saying that he might see a bootlegger and wanted to identify him. He was seen shortly after this time working on a car. The man who aided him in fixing his car testified that he left the scene of this repair in a wagon drawn by mules and went east; that appellant left in his car and went west toward Annona; that he had gone about three-quarters of a mile, which he thought took him a few minutes, when he saw the light of the fire of the burning cotton. Witnesses who lived in the immediate neighborhood of the cotton yard testified they heard a car drive up going west toward the cotton yard, and in a few minutes they heard the same or another car drive rapidly back east. The road to Lucian Willingham's from Annona ran east and then north. Witnesses who lived on the private road running from the main road north to Lucian Willingham's place, said that between 10 and 11 o'clock they heard a car come by their places and stop at Willingham's. We regard these circumstances as sufficiently corroborative of the confession.

The motion for rehearing will be overruled.

*Overruled.*