**In re L.G.R., Appellant.**

**No. 13–85–563–CV.**

Court of Appeals of Texas, Corpus Christi.

April 17, 1986.

Rehearing Denied May 1, 1986.

Joseph A. Connors, III, McAllen, for appellant.

Theodore C. Hake, Thomas G. Lindenmuth, Crim. Dist. Atty's. Office, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This is a juvenile case in which the State of Texas alleged that L.G.R., a then fourteen-year-old minor, committed the act of arson which made him a delinquent child. An adjudication hearing was held before a jury and the child was adjudged to have engaged in delinquent conduct. Following the subsequent disposition hearing, the court entered an order of probation.

In its first amended petition the State alleged that appellant, on or about the 14th day of June, 1985, "did then and there, with intent to destroy or damage a building owned by Frank Gonzalez, intentionally start a fire in said building ... in violation of a penal law of this State, punishable by imprisonment, to wit: V.T.C.A., Penal Code § 28.02, arson, against the peace and dignity of the State." While there is some dispute in the testimony, there was evidence and the jury found that appellant intentionally set a fire in a box car on a railroad siding beside the building owned by Frank Gonzalez which fire ultimately caused the destruction of the building owned by Frank Gonzalez.

The appellant has brought forth fifteen points of error to this Court. Our careful analysis and evaluation of these fifteen points of error reduces this appeal to two questions.

The first question raised by this appeal is whether the trial court's charge to the jury is fatally defective and a violation of the due process rights and the rights guaranteed a juvenile under TEX.FAM. CODE ANN. § 53.04(d)(1) (Vernon 1975). Section 53.04(d)(1) of the Family Code provides: "the petition must state: (1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the act."

Appellant argues that the State's first amended petition and the State's charge to the jury violates this section of the Family Code. As previously stated, appellee's first amended petition, which in a juvenile case is the adult equivalent of an indictment, charged appellant with the intentional burning of the building owned by Frank Gonzalez. The charge which was submitted to the jury states:

Even if the jury finds beyond a reasonable doubt that on or about the 14th day of June, a.d., 1985, in the County of Hidalgo in the State of Texas, with intent to destroy or damage a vehicle owned, if it was, by C. Kelley, a special owner of the Specific Railroad, L.G.R. did then and there intentionally set, if he did, a fire in said vehicle, knowing it was within the limits of an incorporated city, to wit: the City of Weslaco, Hidalgo County, Texas, the jury still cannot answer "yes" to this special issue, number one, unless the jury further finds that the fire, if any, in the building owned by Frank Gonzalez would not have occurred but for the voluntary conduct of the accused juvenile, L.G.R., operating either alone or concurrently with another cause. Does the jury so find beyond a reasonable doubt?

Answer "Yes" or "No".

We, the jury, answer: *Yes.*

It is appellant's argument that the indicting document states that the appellant intentionally set the fire to burn a building owned by Frank Gonzalez while the charge asks the jury to find that the appellant set fire in a box car owned by C. Kelley which caused the fire in the building owned by Frank Gonzalez.

The State's explanation for this variance between the petition and the charge is

TEX.PENAL CODE ANN. § 6.04(a) (Vernon 1974). Section 6.04(a) states: "[A] person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." What the State sought to charge the jury with was the so-called "transferred intent" of the appellant's act in setting a fire in a box car which ultimately resulted in the burning of the building belonging to Frank Gonzalez. Appellant's complaint is that the State failed to make this allegation in its trial pleadings and therefore cannot seek to charge the jury on a matter which was not contained in its pleadings.

As previously stated, the evidence is undisputed that the fire in the box car, which was on a railroad siding, approximately six feet from the building, was the cause of the destruction of the building. Appellant does not contest the factual sufficiency of the evidence to support the conviction.

We believe the State's method of pleading and charging the jury in this case to be correct. Section 6.04(a) of the Penal Code need not be included in the indictment for it to be a theory upon which the jury is charged. The section is merely supplementary, and secondary to those substantive sections in which offenses are defined and therefore is not a requisite to the State's pleading. *See McNeal v. State,* 600 S.W.2d 807 (Tex.Crim.App.1980); *Blansett v. State,* 556 S.W.2d 322 (Tex.Crim.App.1977); *Dowden v. State,* 638 S.W.2d 85 (Tex.App. —Houston [1st Dist] 1982, pet. granted).

The second question raised by appellant's points of error concerns the sufficiency of the evidence to support the judgment. It is appellant's argument that the only evidence contained in the record is that the appellant intended to set the fire in the box car and that there is no evidence to support a finding that the appellant intended to burn the building of Frank Gonzalez. This argument is contrary to the clear language of Section 6.04. Under that Section,

the State only had to offer evidence that the appellant intentionally committed the act which ultimately resulted in the offense charged. As previously stated herein there was evidence establishing beyond a reasonable doubt that appellant intended to set the fire in the box car and that the fire in the box car resulted in the crime for which the appellant was charged. We therefore find the evidence sufficient to support the jury verdict.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.