724 S.W.2d 775 (1987)
L.G.R., Petitioner,
v.
The STATE of Texas, Respondent.
No. C-5435.
Supreme Court of Texas.
February 11, 1987.
Rehearing Denied March 18, 1987.
Joseph A. Connors, III, McAllen, for petitioner.
Theodore C. Hake, Crim. Dist. Atty's. Office, Edinburg, for respondent.

OPINION
GONZALEZ, Justice.
The issue in this case is the effect of a variance between the State's petition and the court's charge in a juvenile adjudication hearing. As a result of jury findings, the trial court held that the child had engaged in delinquent conduct. The court of appeals affirmed. 709 S.W.2d 23 (Tex.App., 1986). We reverse the judgment of the court of appeals and remand this cause to the trial court for a new trial.
In its first amended petition the State alleged that:
L.G.R. ... did then and there, with intent to destroy or damage a building owned by FRANK GONZALEZ, intentionally start a fire in said building ... in violation of a Penal law of this State, punishable by imprisonment, to-wit: V.T.C.A., Penal Code Section 28.02, ARSON, against the peace and dignity of the State.
Although the State's petition notified L.G.R. that he would be tried for the crime of intentionally setting a fire in Frank Gonzalez' building, the trial court allowed the State to submit to the jury an unalleged theory that L.G.R. intentionally set the fire in a vehicle (box car) owned by C. Kelly.
Over L.G.R.'s objection, the trial court submitted the following charge to the jury:
Even if the jury finds beyond a reasonable doubt that on or about the 14th day of June, a.d., 1985, in the County of Hidalgo in the State of Texas, with intent to destroy or damage a vehicle owned, if it was, by C. Kelley, [sic] a special owner of the Specific Railroad, [sic] L.G.R. did then and there intentionally set, if he did, a fire in said vehicle, knowing it was within the limits of an incorporated city, to wit: the City of Weslaco, Hidalgo County, Texas, the jury still cannot answer "yes" to this special issue, number one, unless the jury further finds that the fire, if any, in the building owned by Frank Gonzalez would not have occurred but for the voluntary conduct of the accused juvenile, L.G.R., operating either alone or concurrently with another cause. Does the jury so find beyond a reasonable doubt?
Answer "Yes" or "No."
We, the jury, answer: Yes.
L.G.R. contends that the trial court's use of this charge was a denial of due process *776 of law and fair notice of the charges against him.
The Texas Family Code provides that: "the petition must state: (1) with reasonable particularity the time, place and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the act." TEX.FAM.CODE ANN. § 53.04(d)(1) (Vernon 1986). The court of appeals held that the variance between the petition and the charge did not result in error because the law of transferred intent found in section 6.04(a) of the Penal Code does not need to be included in the State's pleading in a delinquency petition. TEX. PENAL CODE ANN. § 6.04(a) (Vernon 1974). We disagree with the court of appeals holding that the variance between the petition and the charge was not error. In a juvenile proceeding, petition requirements are governed by the Family Code. The State's failure to comply with the mandatory requirements of section 53.04 cannot be remedied by incorporating transferred intent into the court's charge.
In the case of In re Gault, the United States Supreme Court addressed the due process standards of adequate and timely notice:
Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set forth the alleged misconduct with particularity.'
387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549 (1967).
We recently held that although juvenile delinquency proceedings are civil in nature, because they may result in the child being deprived of liberty, the juvenile is entitled to the essentials of due process and fair treatment. Matter of J.R.R., 696 S.W.2d 382 (Tex.1985). Moreover, in Carrillo v. State, 480 S.W.2d 612 (Tex.1972), the court stated that in juvenile cases the child must know of the specific issues he is to meet, and they must be set forth with particularity, citing In re Gault. Also, in Matter of D.W.M., 562 S.W.2d 851 (Tex.1978), we held that the petition and notice requirements of section 53.04 of the Family Code must be satisfied.
In this case, the State's pleading failed to set forth with reasonable particularity the place and manner of the acts submitted to the jury in the court's charge. Not only did the State fail to allege in its petition that L.G.R. would be tried for setting a fire in a vehicle (box car), but it also failed to allege its owner. There was no trial amendment offered by the State.
It is in the public interest that the courts of this state insure that in any proceeding in which a child is exposed to the risk of loss of liberty the notice requirements mandated by the Legislature in juvenile delinquency proceedings be observed. As Justice Pope said in Santana, "[l]iberty is our real concern." State v. Santana, 444 S.W.2d 614, 628 (Tex.1969), judgmt. vacated and cause remanded, 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594, on remand, 457 S.W.2d 275 (Tex.1970). It is imperative that L.G.R. be accorded fairness first; therapy second.
The variance between the State's petition and the court's charge denied L.G.R. a fair trial. Accordingly, we reverse the judgments of the courts below and remand the cause for a new trial.
SPEARS, J., files a dissenting opinion in which HILL, C.J., and ROBERTSON, J., join.
SPEARS, Justice, dissenting.
I respectfully dissent.
This case is reminiscent of old horror stories when an indictment was quashed because it only alleged that the defendant stomped his victim to death but did not include "with his feet" and the indictment held defective when it charged the victim was drowned by the defendant but did not say it was "in water." I thought our system of justice had advanced further than that, but this case provides no such evidence.
I agree it is in the public interest, as well as constitutionally mandated, that a juvenile be afforded due process in a delinquency proceeding by receiving adequate notice *777 of the allegations against him. The court's opinion, however, tortures the Family Code's pleading mandate of "reasonable particularity" by essentially requiring a petition to allege the exact time, exact place, and exact manner of the alleged offense. The court goes against all the modern trends of requiring fair notice in pleadings.
A review of the facts found by the jury demonstrates that the state's petition does comply with a reasonable interpretation of the Family Code. L.G.R. intentionally started a fire in a railroad boxcar. The boxcar was positioned six feet away from the side of Frank Gonzalez's building housing his produce business. The fire spread from the boxcar to the produce building, destroying over 50% of Gonzalez's equipment, costing Gonzalez approximately $125,000 in out-of-pocket expenses, and displacing almost 750 seasonal employees.
To secure a conviction for arson, the state must plead and prove: (1) L.G.R. started a fire; (2) with the intent to destroy or damage any building; (3) knowing that it is within the city limits; and (4) it is the property of another. TEX.PENAL CODE ANN. § 28.02(a) (Vernon's Supp.1987). The state's petition informed L.G.R. of the offense charged, the date and time of the alleged offense, and the place where the fire occurred. On the basis of failing to allege that L.G.R. actually started the fire six feet away in the boxcar, the court announces that the petition was not reasonably particular, thereby denying L.G.R. a reasonable opportunity to prepare a defense. Failing to name the exact place, however, should not deprive the petition of reasonable particularity. By its very terms, the Family Code does not require exactness. The Family Code's requirement of "reasonable particularity" is synonymous with the general civil pleading requirement of "fair notice." Moreover, "[t]he information was essentially evidentiary rather than being required for purposes of notice.... Unless a fact is essential for notice to the defendant, the [petition] need not plead the evidence relied on by the state." Phillips v. State, 597 S.W.2d 929, 935 (Tex.Crim.App.1980).
The omission in the state's petition here is notably different from other petitions held insufficient in juvenile cases. See, e.g., In re H.S. Jr., 564 S.W.2d 446, 448 (Tex.Civ.App.-Amarillo 1978, no writ) (petition did not name state, county or place where act allegedly occurred); Berkley v. State, 473 S.W.2d 346, 347 (Tex.Civ.App.- Fort Worth 1971, no writ) (petition only alleged "auto theft on two different occasions"); Viall v. State, 423 S.W.2d 186, 187 (Tex.Civ.App.-Amarillo 1967, no writ) (petition alleged juvenile habitually involved himself in criminal endeavors). Furthermore, a petition alleging the burning of a house was sufficient to allow evidence showing that the fire was originally set in bales of cotton immediately adjacent to the house. Pretre v. State, 112 Tex.Cr.R. 459, 17 S.W.2d 42, 43 (1929).
The court loses sight of the purpose of juvenile proceedings in pronouncing an unreasonably strict interpretation of "reasonable particularity." Juvenile proceedings were established, and the Family Code written, to help youngsters, to serve their best interests, not merely punish them. This basic difference in philosophy from adult criminal cases requires a different approach to deciding cases. I disapprove allowing a pleading technicality not denying due process to prevent rehabilitation and obviously needed supervision. In the end, neither the juvenile nor society benefits. I agree that our concerns are fairness and therapy. Unlike the court, I see these two noble goals as complimentary, not conflicting.
The juvenile system of this state notified L.G.R. of the delinquency charges against him and attempted to provide L.G.R. the necessary services and supervision to overcome his delinquency. Instead of aiding in this endeavor, the court reverses the delinquency findings based on the state's error of six feet. What has L.G.R., at the young age of fourteen, learned from all this?
HILL, C.J., and ROBERTSON, J., join in this opinion.