# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-09-00298-CV**

---

**In the Matter of J. C. F.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-28,431, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The juvenile court found that J.C.F. engaged in delinquent conduct by committing the offense of indecent exposure and placed him on probation in the custody of his father. J.C.F.'s only contention on appeal is that the State's delinquency petition was fundamentally defective. We overrule this contention and affirm the judgment.

The petition alleged that on or about October 23, 2008, J.C.F. "intentionally and knowingly expose[ed] his genitals with the intent to arouse his sexual desire and he was reckless about whether another was present and would be offended and alarmed by his act." *See* Tex. Penal Code Ann. § 21.08(a) (West 2003).[1] J.C.F. contends that the petition was fundamentally defective and denied him his due process right to adequate notice because it did not allege the act or acts relied upon to constitute recklessness. J.C.F. bases his contention on article 21.15 of the code of criminal

---

[1] The petition alleged two other delinquent acts. The State waived one, and the court found the other to be untrue.

procedure, which provides that when recklessness is a part or element of an offense, "the complaint, information, or indictment . . . must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness." Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009).

J.C.F. acknowledges that he made no objection to the petition below, and that he raises this issue for the first time on appeal. Ordinarily, in both civil and criminal practice, alleged pleading defects are waived if they are not asserted in the trial court. *See* Tex. R. Civ. P. 90 (waiver of defects in pleading); Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005) (waiver of defects in indictment or information). J.C.F. urges, however, that a juvenile's constitutional right to notice of the allegations against him can only be waived in the manner prescribed by the family code. *See* Tex. Fam. Code Ann. § 51.09 (West 2008) (waiver of rights). We express no opinion on the waiver issue, and we will consider the merits of J.C.F.'s contention in the interest of justice.

Petitions for adjudication are governed by the family code. *L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex. 1987); *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). The petition must, among other things, state with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts. Tex. Fam. Code Ann. § 53.04(d)(1) (West 2008). Due process requires that the petition be sufficient to inform the juvenile of the specific issues he is to meet. *In re Gault*, 387 U.S. 1, 33 (1967). It is not, however, essential that the petition allege an offense with the particularity of a criminal indictment. *B.P.H.*, 83 S.W.3d at 405. The allegations need only be reasonable and definite. *Id.*

2

We agree with J.C.F. that the petition in this case did not allege the act or acts relied on to constitute recklessness. The only act alleged, exposing his genitals, is not inherently reckless. *See Smith v. State*, 309 S.W.3d 10, 16 (Tex. Crim. App. 2010). Nevertheless, J.C.F.'s reliance on article 21.15 is misplaced. By its express terms, article 21.15 applies to complaints, informations, and indictments; that is, to criminal charging instruments. J.C.F. cites no authority holding that the statute applies to juvenile petitions. Moreover, article 21.15 is merely a statutory pleading requirement; compliance with the statute is not required by due process. In *Smith*, a prosecution for indecent exposure, the court of criminal appeals agreed with the defendant that the information did not allege the act or acts constituting recklessness and thus failed to satisfy article 21.15, but the court of criminal appeals also observed that the information "was sufficient to satisfy due-process notice requirements." *Id.* (citing *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998)). Thus, even if article 21.15 applies to juvenile petitions, a question we do not decide, the State's failure to comply with the statute in this cause did not, in itself, violate J.C.F.'s due process right to notice.[2]

Reasonable particularity, as contemplated by the family code and due process, is generally satisfied if the State's petition tracks the penal code definition of the underlying criminal conduct. *B.P.H.*, 83 S.W.3d at 405. The State's petition in this case alleged every element of

---

[2] The information in *Smith* alleged that the defendant "expose[d] his GENITALS to S. FARQUHAR with intent to arouse and gratify the sexual desire of THE DEFENDANT, and the Defendant was reckless about whether another person was present who would be offended and alarmed by the act, to-wit: THE DEFENDANT EXPOSED HIS PENIS AND MASTURBATED." *Smith v. State*, 309 S.W.3d 10, 16 (Tex. Crim. App. 2010). Insofar as article 21.15 is concerned, this information is substantially similar to the petition in the cause now before us.

3

indecent exposure as defined by penal code section 21.08, including that J.C.F. was reckless about whether another was present who would be offended or alarmed by his act of exposure. We hold that the petition was sufficient to inform J.C.F. of the specific issues he was to meet, and that no due process violation is shown.

The point of error is overruled, and the juvenile court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   August 31, 2010

4