Opinion issued August 24, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00323-CV

———————————

## IN THE MATTER OF D.M.

———————————

On Appeal from the 315th District Court
Harris County, Texas
Trial Court Case No. 2021-00598J

———————————

## O P I N I O N

The State of Texas filed a juvenile delinquency petition alleging that D.M.

("Denise"),[1] a child, engaged in delinquent conduct, and the State requested an

---

[1] We refer to the child by a pseudonym because the Juvenile Justice Code prohibits identifying a child or her family in an appellate opinion rendered in an appeal of juvenile court proceedings. *See* TEX. FAM. CODE § 56.01(j).

adjudication hearing. Denise filed a motion to dismiss, arguing that the petition did not state her father's name and address as required by Family Code section 53.04(d)(3). *See* TEX. FAM. CODE § 53.04(d)(3) (listing information that "petition must state," including "the names and residence addresses, if known, of the parent, guardian, or custodian of the child"). Denise argued that such information was mandatory and jurisdictional and its omission from the petition required dismissal of the case. The State did not amend the petition, and the juvenile court granted Denise's motion and dismissed the case without prejudice.

In a single issue on appeal, the State argues that the juvenile court erred by dismissing the case because the court had jurisdiction despite the omission of the information listed in the Family Code.[2] We agree with the State that the requirements in section 53.04(d)(3) are mandatory but not jurisdictional. Nevertheless, we hold that the juvenile court did not err by dismissing the case because Denise challenged the defective petition for noncompliance with the statutorily mandated petition

---

[2] The State's sole issue included several sub-issues, including that the juvenile court had personal jurisdiction over Denise. Although Denise did not challenge personal jurisdiction in her motion to dismiss, the parties' dispute evolved to include a personal jurisdiction challenge concerning whether the summons and petition must be served to both Denise and her father to have personal jurisdiction over Denise. *See id.* § 53.06(a)(1)–(2) ("The juvenile court shall direct issuance of a summons to: (1) the child named in the petition; [and] (2) the child's parent, guardian, or custodian[.]"). As noted below, because we modify and affirm the juvenile court's order dismissing the case as modified, we do not separately consider whether the court had personal jurisdiction over Denise.

2

requirements and the State did not replead to cure the defect. We modify the judgment to delete the juvenile court's determination that it lacked jurisdiction, and we affirm as modified.

## Background

The State alleges that Denise left her young nephew "unattended in a bathtub containing water," and the nephew drowned. The State filed a petition in juvenile court in April 2021 alleging that Denise, a child, engaged in delinquent conduct by causing serious bodily injury to another child. The petition was approved by a grand jury. *See* TEX. FAM. CODE § 53.035. The State sought an adjudication hearing and determinate sentence based on the allegations of delinquent conduct. *See id.* §§ 54.03(a) (providing that child may be found to have engaged in delinquent conduct only after adjudication hearing), 54.04(d)(3) (providing for determinate commitment of child in Texas Juvenile Justice Department for up to forty years with possible transfer to Texas Department of Criminal Justice). In addition, the State requested that Denise, her parent, or "other person" be required to pay court costs, a reasonable sum of support if she was confined in a juvenile detention facility, a monthly court fee if she was placed on probation, and restitution.

The petition named only Denise as a party. *See id.* § 53.04(d)(2). It did not include the name and address of her parent, guardian, custodian, or other known adult relative. *See id.* § 53.04(d)(3), (4) (providing that petition "must state," among

3

other things, name and address of child's parent, guardian, custodian, or other known adult relative).

In February 2022, Denise filed a motion to dismiss for lack of jurisdiction. She argued that the State's petition did not comply with section 53.04(d) because it omitted the name and address of a parent, guardian, custodian, or other known adult relative. *See id.* She further argued that the statutory requirement was mandatory and jurisdictional, and the State's failure to comply with the provisions entitled her to dismissal of the case.

In response, the State did not dispute that the petition omitted the statutorily required information, but it disputed that the requirement was jurisdictional. The State acknowledged Denise's argument that the statute was "both mandatory and jurisdictional," but it did not address the argument concerning the mandatory nature of the requirements except to argue that "[m]andatory statutory duties are not necessarily jurisdictional." According to the State, its failure to include the required information was "a mere defect in the State's pleading that may be corrected upon amendment," but it did not request leave to amend or file an amended petition.

The juvenile court held a hearing on the motion to dismiss on March 9, 2022. The State conceded that omission of the statutorily required information in its pleading was a defect, but it maintained that the defect did not implicate the court's

jurisdiction. The State argued that it had "the right to amend up until adjudication or until this case is resolved . . . ."

At the end of the hearing, the juvenile court invited the parties to submit additional briefing. Both parties filed additional briefing.

On March 31, the juvenile court held a second hearing on the motion to dismiss. After the brief hearing, the court noted that the State had not filed an amended petition, and it orally rendered a ruling granting the motion to dismiss for lack of jurisdiction. The same day, the court signed a written order granting the motion to dismiss for lack of jurisdiction. The order stated that the court "determine[d] that it lacks jurisdiction" over the case. This appeal followed. *See id.* § 56.03(b)(1) (authorizing State to appeal order dismissing petition in juvenile case in which grand jury approved petition).

## Statutory Petition Requirements

On appeal, the State primarily contends that the juvenile court erred by dismissing the case because the statutory pleading requirements are not jurisdictional and therefore do not require dismissal.

### A. Standard of Review

Generally, appellate courts review a trial court's ruling on a motion to dismiss for an abuse of discretion. *City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.— Houston [1st Dist.] 2011, pet. denied). However, the proper standard of review is

5

determined by the substance of the issue to be reviewed, not necessarily by the type of motion to which the order relates. *Id.*

In this case, the issues presented relate to subject-matter jurisdiction and require the Court to interpret statutory text. Issues of subject-matter jurisdiction present a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Myers*, 360 S.W.3d at 56. Likewise, statutory interpretation is a question of law that we review de novo. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014); *Myers*, 360 S.W.3d at 56.

## B.    Governing Law

To issue a valid and binding judgment or order, a court must have subject-matter jurisdiction over a case. *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022); *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021). Subject-matter jurisdiction refers to a court's authority to adjudicate a case. *In re Guardianship of Fairley*, 650 S.W.3d at 379. Texas courts derive subject-matter jurisdiction solely from the Texas Constitution and state statutes. *Id.* Subject-matter jurisdiction cannot be conferred on a court by consent or waiver, and a judgment issued by a court without subject-matter jurisdiction is never considered final. *Id.*; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000).

We apply ordinary principles of statutory interpretation to determine whether a statutory requirement is jurisdictional. *Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 287 (Tex. 2019); *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). Our primary purpose in construing a statute is to determine and give effect to the Legislature's intent. *White*, 288 S.W.3d at 394.

We first look to the plain language of the statute because "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Tex. Dep't of Pub. Safety v. Shaikh*, 445 S.W.3d 183, 186 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). We read every word, phrase, and expression in a statute as if they were deliberately chosen and presume that words excluded from a statute were excluded purposefully. *Id.*

We do not examine a term or provision in isolation, but rather we read the particular statute as a whole. *Id.* Words and phrases "shall be read in context and construed according to the rules of grammar and common usage." *Crosstex Energy Servs.*, 430 S.W.3d at 390 (quoting TEX. GOV'T CODE § 311.011). If the statute is clear and unambiguous, we interpret its language according to its common meaning without considering rules of construction or extrinsic aids. *Id.* at 389. We rely on the plain meaning unless a different meaning is apparent from the context or the plain

meaning leads to absurd results. *Id.* at 389–90. Courts must avoid an interpretation that renders any part of the statute meaningless or superfluous. *Id.* at 390.

Courts are generally "reluctant to conclude that a statutory requirement affects a court's subject-matter jurisdiction absent clear legislative intent to that effect." *In re Guardianship of Fairley*, 650 S.W.3d at 379; *White*, 288 S.W.3d at 393. As such, we begin with the presumption that the Legislature did not intend to make statutory requirements jurisdictional. *Chicas*, 593 S.W.3d at 287. Only "clear contrary legislative intent" will overcome this presumption. *Id.* In determining whether a statutory requirement is jurisdictional, the Texas Supreme Court has set out four factors for courts to consider: (1) the plain meaning of the statute; (2) whether the statute contains specific consequences for noncompliance; (3) the purpose of the statute; and (4) the consequences that would result from each possible construction. *Id.*; *Crosstex Energy Servs.*, 430 S.W.3d at 392.

**C.    Analysis**

**1.    Section 53.04(d)(3) is not a jurisdictional requirement**

Juvenile Justice Code section 53.04(d) provides in relevant part:

The petition [for an adjudication or transfer hearing of allegations that a child engaged in delinquent conduct] must state:

(1)    with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts;

8

(2) the name, age, and residence address, if known, of the child who is the subject of the petition;

(3) the names and residence addresses, if known, of the parent, guardian, or custodian of the child . . . ; [and]

(4) if the child's parent, guardian, or custodian does not reside or cannot be found in the state, or if their places of residence are unknown, the name and residence address of any known adult relative residing in the county or, if there is none, the name and residence address of the known adult relative residing nearest to the location of the court . . . .

TEX. FAM. CODE § 53.04(d). Although the motion to dismiss challenged the omission of information in both subsections (d)(3) and (d)(4), the parties have narrowed their dispute to focus on whether Denise's father's name and address should have been included in the petition. *See id.* § 53.04(d)(3).

### a. Plain Meaning

Section 53.04(d) does not expressly mention jurisdiction or state that the petition requirements are jurisdictional prerequisites to maintaining suit. *See id.* § 53.04(d); *Chicas*, 593 S.W.3d at 288 (noting lack of "explicit language" in statute indicating Legislature "clearly intended" statute to be jurisdictional). By contrast, several other provisions in a separate chapter of the Juvenile Justice Code expressly address the jurisdiction of juvenile courts over juvenile delinquency proceedings. *See, e.g.*, TEX. FAM. CODE §§ 51.04(a) (providing that, with limited exceptions not applicable here, "the juvenile court has exclusive original jurisdiction over proceedings" involving delinquent conduct by child), 51.0412 (providing that

9

juvenile court retains jurisdiction over incomplete proceeding after child turns eighteen or nineteen years old in some circumstances), 53.07(b) ("The juvenile court has jurisdiction of the case if after reasonable effort a person other than the child cannot be found nor his post-office address ascertained, whether he is in or outside this state."). None of these sections addressing jurisdiction states that the petition requirements must be met to confer jurisdiction on the juvenile court. Consequently, the presumption remains that the petition requirements are not jurisdictional. *See Chicas*, 593 S.W.3d at 288–89; *see also S.C. v. M.B.*, 650 S.W.3d 428, 436 (Tex. 2022) ("To satisfy the clear-statement rule, the jurisdictional condition must be just that: clear.") (quoting *Boechler, P.C. v. Comm'r*, 142 S. Ct. 1493, 1499 (2022)).

Denise responds that the statute's use of the term "must" makes the statute mandatory and jurisdictional. We disagree. As Denise points out, the term "must" when used in a statute "creates or recognizes a condition precedent." TEX. GOV'T CODE § 311.016(3). The Texas Supreme Court has acknowledged that use of the term "must" in a statute "at least suggest[s] that a requirement could be jurisdictional." *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004). But nothing in the remainder of section 53.04 indicates that the statute is jurisdictional, as discussed above. The Texas Supreme Court has "held that the petition and notice requirements of section 53.04 of the Family Code *must* be satisfied," *L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex. 1987), but the parties cite

10

no legal authority stating that the requirements are jurisdictional. In this circumstance, the plain meaning of "must" indicates that the statute is mandatory but not necessarily jurisdictional. *See Chicas*, 593 S.W.3d at 286 (stating that "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional") (quoting *White*, 288 S.W.3d at 395); *Crosstex Energy Servs.*, 430 S.W.3d at 391 ("[M]andatory statutory duties are not necessarily jurisdictional.").

### b.      Specific Consequences for Noncompliance

The parties agree that section 53.04(d) does not specify any consequences for noncompliance with the petition requirements. "[W]hen a statute does not require dismissal for failure to comply, this weighs in favor of a finding that it is not jurisdictional." *See Chicas*, 593 S.W.3d at 289.

### c.      Purpose

The State contends that the notice and petition provisions in section 53.04(d) serve merely to initiate and maintain a civil suit and give fair notice of the State's claims under Texas's fair-notice pleading standard. But the State does not explain why inclusion of a parent's information in a juvenile delinquency petition serves either a suit-initiation or notice purpose.

The Rules of Civil Procedure, which govern juvenile delinquency proceedings, *see* TEX. FAM. CODE § 51.17(a), already require the filing of a petition to commence a civil lawsuit and require the petition to provide fair notice of the

11

claims asserted. TEX. R. CIV. P. 22 (requiring filing of petition to commence civil suit); TEX. R. CIV. P. 47(a) (requiring pleading setting forth claim for relief to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). Under the State's interpretation, section 53.04(d) would be superfluous of Rules 22 and 47(a). *See Crosstex Energy Servs.*, 430 S.W.3d at 390 (prohibiting courts from interpreting statute in manner that renders any part superfluous).

Moreover, this argument focuses only on the petition requirements rather than considering the purpose of the statute as a whole. *See Chicas*, 593 S.W.3d at 289 (considering statute as whole rather than challenged provision in isolation); *Shaikh*, 445 S.W.3d at 186 (stating that courts construe statute in context as whole, not in isolation). The requirement at issue—providing the name and address of the subject child's parent—indicates that inclusion of this information serves some additional purpose beyond simply suit initiation and notice of claims.

Denise advances several arguments concerning the purpose of the statute. She argues that one purpose of the statute is to provide a simple procedure to hold children accountable for criminal acts while safeguarding their constitutional and other legal rights. *See* TEX. FAM. CODE § 51.01(6). She also argues that a child has a right to a parent's assistance in supporting and guiding the child through juvenile delinquency proceedings. Denise argues that a parent or other appropriate adult is a party to the juvenile delinquency proceedings, must be served with a summons and

12

the petition, and has express rights under the Juvenile Justice Code. She argues that requiring identification of a parent in the petition is consistent with the principle that minor children are *non sui juris* and must sue or be sued through a guardian or next friend.

The Code provides a comprehensive, exclusive scheme for holding children accountable for engaging in criminal activity. *Id.* § 51.04(a) (providing that Juvenile Justice Code governs all juvenile delinquency proceedings and juvenile court has exclusive original jurisdiction over such proceedings). At the outset, the Code lists six express purposes. *Id.* § 51.01. For example, delinquency proceedings should strive "to provide treatment, training, and rehabilitation that emphasizes the accountability and responsibility of both the parent and the child for the child's conduct" and should proceed "in a family environment whenever possible, separating the child from the child's parents only when necessary for the child's welfare or in the interest of public safety." *Id.* § 51.01(2)(C), (5).

Other provisions of the Code indicate that the Legislature intended parents or another appropriate adult to be significantly involved in the proceedings. For example, a summons and a copy of the petition must be served on both the child and the parent, and the summons must require them both to appear before the court at a set time to answer the allegations in the petition. *Id.* §§ 53.06(a)(1), (2), (b), 53.07(a). Parents must also be served with notice of other important events under the Code,

including when a child is issued a warning notice for delinquent conduct or detained for such conduct. *E.g.*, *id.* §§ 52.01(c)(5), 52.02(b)(1), 54.01(b). A parent or other appropriate adult is required to attend specified hearings affecting the child in the juvenile delinquency proceeding, and the parent is entitled to notice of these hearings. *Id.* § 51.115(a), (c).

Moreover, the Code expressly defines "party" to include "the child's parent, spouse, guardian, or guardian ad litem," as well as the State and the child. *Id.* § 51.02(10). Another provision provides that a "party, other than the child, may waive service of summons" under certain circumstances. *Id.* § 53.06(e).

The Code devotes an entire chapter to the rights and responsibilities of parents and other eligible persons. *Id.* §§ 61.001–.107. Among other rights, the parent is entitled to "communicate in person privately with the child" if the child is taken into custody and to be informed about "the methods by which the parent can assist the child with the legal process." *Id.* §§ 61.102(a)(13), 61.103(a).

Furthermore, a juvenile court can issue orders against a parent of a child. *Id.* § 61.003. Upon notice to the parent, the court can order the parent to pay restitution, reasonable attorney's fees for representation of the child, probation and deferred prosecution fees, and the cost of attending an educational program. *Id.* § 61.002(a)(1), (2), (7), (9), (13). The court can also enjoin a parent from injuring the child's welfare or from contacting the child. *Id.* § 61.002(a)(4), (5). The court

can also order a parent to participate in counseling. *Id.* §61.002(6). Indeed, in this case, the State's petition requested that Denise, her parent, or other person pay costs of court, a reasonable sum for support if Denise was incarcerated, a monthly fee if Denise was sentenced to probation, and costs of any necessary counseling.

Thus, the Code contemplates that parents or another appropriate adult should be significantly involved in the juvenile delinquency proceedings along with the subject child. Requiring the petition to identify the parent by name and address thus serves additional purposes beyond just initiation of suit and notice of claims. It serves to join the parent as a party to the proceedings, identify the parent's name and address for issuance of summons, and impress upon the parent the serious nature of the proceedings that could result in a child being committed to a juvenile detention facility for up to forty years with a possible transfer to the Texas Department of Criminal Justice. *Id.* § 54.04(d)(3). We agree with Denise that by ensuring significant parental involvement, the statute serves to provide children with the assistance and guidance of an adult in proceedings that can result in a significant loss of the child's liberty.

Nevertheless, Denise does not explain why these purposes are achieved by a jurisdictional requirement that a petition include a parent's name and address. Jurisdictional requirements are not waivable. *Crosstex Energy Servs.*, 430 S.W.3d at 391 (stating that parties may not waive jurisdictional statutory duties, but parties

may waive mandatory, non-jurisdictional statutory duties). Yet "any right" enjoyed by the child, including constitutional rights, "may be waived" voluntarily in juvenile delinquency proceedings under certain circumstances. TEX. FAM. CODE § 51.09. Denise's position would elevate the petition requirements at issue to a non-waivable jurisdictional status without justification. The statute's purpose does not indicate that the Legislature intended the petition requirements to be non-waivable jurisdictional prerequisites to maintaining suit.

### d. Consequences Resulting from Each Construction

Finally, we consider the consequences that would result from each party's construction. *See Chicas*, 593 S.W.3d at 286, 289–90. The State contends that if the petition requirements were jurisdictional, it "would weaken the finality of juvenile judgments and make them more vulnerable to later attack, which is contrary to" precedent. Denise does not dispute this proposition, but she maintains that a child could be deprived of constitutional and other legal rights if the statutory requirement of identifying a parent in the petition is not jurisdictional. We have already rejected this argument.

The parties do not dispute that the petition requirement is at least mandatory. A party's failure to comply with mandatory, non-jurisdictional statutory requirements can have consequences—even if the statute is silent on such consequences—as required to effectuate the purpose of the statute. *See White*, 288

16

S.W.3d at 398. As we discuss below, the State's failure to comply with the mandatory petition requirement in section 53.04(d)(3) is a pleading defect which, if not cured, can result in dismissal. But the defect is also waivable if not raised by the juvenile defendant.

After considering the factors, we hold that the petition requirement in section 53.04(d)(3) is mandatory but not jurisdictional.

## 2. Remedy for noncompliance with section 53.04(d)(3)

In her motion to dismiss, Denise argued that the statutory petition requirement was both mandatory and jurisdictional. On appeal, the State does not dispute that the requirement is mandatory. The State does not address whether the juvenile court erred by dismissing the case based on the State's failure to comply with a mandatory, non-jurisdictional statutory requirement. The State does argue, however, that there are no consequences for its failure to comply with the mandatory statutory requirements.

Because the State did not comply with a mandatory statutory requirement, we must determine whether dismissal was appropriate. *See id.* ("Having determined that the notice provision is not jurisdictional, we must determine the proper remedy, if any, for the City's failure to comply."). "When the statute is silent as to the consequences for noncompliance, we look to the statute's purpose in determining the proper remedy." *Id.* (citation omitted).

17

As discussed above, one purpose of the Juvenile Justice Code is to ensure significant parental involvement in juvenile delinquency proceedings. The statute requires that a parent be named as a party in the proceedings, be served with a summons and the petition, be served with notice of hearings, and attend hearings. Parents have express rights under the Code, and they can be liable for certain relief in the proceedings. Because the statute contemplates significant parental involvement in the proceedings, the statutory scheme indicates that the Legislature intended some consequence to result from omitting a known parent's name and address in the petition.

The failure to include this information in the petition amounts to a pleading defect. The Rules of Civil Procedure provide a method for challenging pleading defects. Under Rule 90, a party waives "[e]very defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge . . . ." TEX. R. CIV. P. 90; *see* TEX. R. CIV. P. 91 (providing requirements for specially excepting to pleading defect or other insufficiency). A party who fails to timely object can waive noncompliance with a mandatory, non-jurisdictional statutory requirement. *Crosstex Energy Servs.*, 430 S.W.3d at 391; *see also* TEX. R. APP. P. 33.1(a)(1).

When the defect is curable, a party may challenge the defect by special exceptions that specify the challenged pleading and the defect or omission

18

"intelligibly and with particularity[.]" TEX. R. CIV. P. 91; *see Crosstex Energy Servs.*, 430 S.W.3d at 395 (stating that special exception is unnecessary when pleading defect is incurable). Special exceptions permit the pleader to amend the challenged pleading to cure the defect before the case is subject to dismissal. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Pro Plus, Inc. v. Crosstex Energy Servs., L.P.*, 388 S.W.3d 689, 705 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 430 S.W.3d 384 (Tex. 2014).

If the court sustains the exceptions, the pleader must be given a reasonable opportunity to cure the defect by repleading. *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) (per curiam); *Friesenhahn*, 960 S.W.2d at 658; *In re Shire PLC*, 633 S.W.3d 1, 13 (Tex. App.—Texarkana 2021, orig. proceeding). The pleader may refuse to replead and choose instead to stand on the pleadings and test the decision on appeal. *Friesenhahn*, 960 S.W.2d at 658; *In re Shire PLC*, 633 S.W.3d at 13. After a reasonable opportunity to amend, the court may dismiss the case if the defect affects the entire case. *Friesenhahn*, 960 S.W.2d at 658 (stating that summary judgment may be granted if party refuses to amend or amended pleading remains defective); *In re Shire PLC*, 633 S.W.3d at 13. If the defect is not curable by amendment, a trial court need not provide an opportunity to replead before dismissing the case. *Mowbray v. Avery*, 76 S.W.3d 663, 680 (Tex. App.—Corpus

19

Christi–Edinburg 2002, pet. denied); *Albright v. Tex. Dep't of Hum. Servs.*, 859 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.] 1993, no writ).

We conclude that this procedure for challenging pleading defects is the remedy intended by the Legislature for failure to comply with the mandatory pleading requirement in Juvenile Justice Code section 53.04(d)(3). This procedure incentivizes the State to comply with the requirement by utilizing a familiar procedure that is used in other civil cases for challenging pleading defects. Indeed, the State conceded in the juvenile court that the omission of Denise's father's name and address in the petition was "a defect" and the State "ha[s] the right to amend" its pleadings to cure the defect. The burden to replead is slight, especially considering that the child has the burden to specifically raise the issue and seek dismissal or waive it. *See* TEX. R. CIV. P. 90 (stating that party waives every pleading defect which is not specifically pointed out in writing); TEX. R. CIV. P. 91 (stating that party must point out challenged pleading and point out "intelligibly and with particularity the defect"); TEX. R. APP. P. 33.1(a)(1) (stating that record must show party made timely complaint "with sufficient specificity" as prerequisite to appellate review of complaint); *Crosstex Energy Servs.*, 430 S.W.3d at 391 (stating that "party may waive a mandatory, non-jurisdictional requirement by failing to object timely"). This procedure ensures a fair proceeding by appropriately involving the parent from the outset of the proceedings.

20

Applying this remedy to this case, the State was required to include Denise's father's name and address in the petition, and there is no dispute that it did not comply with this requirement. Denise timely challenged the defect in the State's pleadings.[3]

Generally, this type of defect is curable if the parent's name and address is known because the State may amend its pleadings in juvenile delinquency cases. *See* TEX. R. CIV. P. 63 (allowing parties to amend pleadings in civil cases); *Carrillo v. State*, 480 S.W.2d 612, 615 (Tex. 1972) (holding that pleadings may be amended in juvenile delinquency proceedings); *see also In re B.R.H.*, 426 S.W.3d 163, 167 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). The State does not dispute that it knew Denise's father's name and address. Assuming without deciding that the defect was curable by amendment to add Denise's father's name and address to the petition, the State was entitled to a reasonable opportunity to cure the defect by

---

[3] As stated above, Denise contended in the juvenile court that the pleadings were not curable, and she therefore filed a motion to dismiss the pleadings rather than special exceptions. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014) ("If a defect in the pleadings is incurable by amendment, a special exception is unnecessary."). Nevertheless, courts construe motions according to their substance, not their titles. TEX. R. CIV. P. 71 (providing that courts are to give effect to substance of pleading rather than title or form); *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam) (stating same for motions). Denise timely challenged the pleading and the defect in writing, and thus she satisfied the requirement for challenging pleading defects. *See* TEX. R. CIV. P. 90, 91.

repleading.[4] *See Friesenhahn*, 960 S.W.2d at 658; *In re Shire PLC*, 633 S.W.3d at 13.

Although the State argued in the juvenile court that it could replead to cure the defect, the State did not replead or request an opportunity to do so. Nor did the State object that it was not provided an opportunity to replead when the court dismissed the case. And the State does not contend on appeal that the juvenile court erred by not allowing it to replead. To preserve a complaint for appellate review, a party must have presented the complaint to the trial court by timely request, objection, or motion stating the specific grounds for the requested ruling, and the party must have obtained a ruling on the complaint. TEX. R. APP. P. 33.1(a); *see Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ("Specifically, before a party may complain that it was denied the opportunity to amend after special exceptions were sustained, it must demonstrate that such an opportunity was requested and denied," which request may be made in motion for new trial if denial does not otherwise appear in record). Because the State did not preserve error in the juvenile court or raise the issue on appeal, the State has waived any error concerning an opportunity to replead to cure

---

[4]    In the juvenile court, the parties disputed whether the State could amend the petition at all after Denise turned eighteen years old. The State does not raise this issue on appeal, thus we assume without deciding that the petition could be amended to attempt to cure the defect.

the defect. *See* TEX. R. APP. P. 33.1(a); *Parker*, 206 S.W.3d at 120 (stating that if trial court does not provide opportunity to amend pleading to cure defect, "the aggrieved party must prove that the opportunity to replead was requested and denied to preserve the error for review").

The case was therefore subject to dismissal without prejudice because the State did not replead to cure the defect. Accordingly, we hold that the juvenile court did not err in granting the motion to dismiss and dismissing the case without prejudice.[5] *See Crosstex Energy Servs.*, 430 S.W.3d at 389 (stating that de novo standard of review applies to issues of statutory interpretation). We overrule the State's issues.

---

[5] Based on our conclusion that the juvenile court did not err in dismissing the case, we do not consider the State's alternative issue concerning whether the juvenile court had personal jurisdiction over Denise. *See* TEX. R. APP. P. 47.1.

23

## Conclusion

We modify the judgment of the juvenile court to delete the statement that the court "determine[d] that it lacks jurisdiction over the instant proceedings," and we affirm as modified.

April L. Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.